IROQUOIS BREWING COMPANY, Appellant, *v.* EMANUELE SCARABELLO, Respondent, Impleaded with TESIANO SCARABELLO, Defendant.

Fourth Department, November 12, 1919.

**Mortgage — foreclosure — judgment for deficiency — rent due from mortgagee as tenant in possession — equitable lien.**

Where a mortgagor leased the mortgaged premises to the mortgagee who went into possession and the mortgagor thereafter conveyed and became insolvent, the mortgagee on foreclosure is entitled to have the rent in the hands of the receiver applied upon the judgment for deficiency, even though the moneys represent rent due before the commencement of the foreclosure, the mortgagor being in default before said rent became due.

The mortgagee did not forfeit its equitable lien on the rent because it refused to pay the same on demand of the owner of the equity of redemption, but continued to occupy the premises without beginning a suit for foreclosure.

APPEAL by the plaintiff, Iroquois Brewing Company, from that part of an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of said county on the 2d day of May, 1919, which directed the receiver, appointed in the action, to collect the rents of the

mortgaged premises, to pay the moneys in his hands to the defendant Emanuele Scarabello, owner of the equity of redemption, and which denied the motion of the plaintiff to have said money applied upon the deficiency shown by the referee's report in the foreclosure proceedings.

*W. C. Carroll* [*Lewis & Carroll,* attorneys], for the appellant.

*Michael A. Crage,* for the respondent.

DE ANGELIS, J.:

The action was for the foreclosure of two mortgages upon a piece of real estate situated in the county of Erie.

On the 27th day of January, 1915, the defendant Tesiano Scarabello executed and delivered to the plaintiff a bond, dated that day, in the penal sum of $4,000, conditioned for the payment of $2,000 within two years from the date thereof, with interest at the rate of six per centum per annum payable semi-annually, and for the purpose of securing the payment of this bond Tesiano Scarabello executed and delivered to the plaintiff a mortgage dated the 27th day of January, 1915, covering certain premises in the county of Erie which mortgage was recorded in the office of the clerk of the county of Erie on the 27th day of January, 1915.

On the 15th day of June, 1915, Tesiano Scarabello executed and delivered to the plaintiff a bond in the penal sum of $600, conditioned for the payment of the sum of $300 one year from the date thereof, with interest thereon at the rate of six per centum per annum payable semi-annually, and for the purpose of securing the payment of this bond Tesiano Scarabello executed and delivered to the plaintiff a mortgage dated June 15, 1915, covering the premises last above described, which mortgage was recorded in the office of the clerk of Erie county on the 17th day of June, 1915.

In each of these bonds it was provided that the whole of the principal sum should become due at the option of the plaintiff after default in the payment of any installment of principal or interest for thirty days.

Tesiano Scarabello was the owner of the premises covered by the mortgages at the time of the execution and delivery of the bonds and mortgages and the recording of the mortgages.

It was these mortgages which this action was brought to foreclose.

On or about May 1, 1915, Tesiano Scarabello executed and delivered to the plaintiff a lease of the property covered by the mortgages for the term of two years and three months, the term to expire August 1, 1917. The plaintiff thereupon went into possession of the premises and has been in possession thereof ever since.

On or about October 15, 1915, Tesiano Scarabello conveyed the mortgaged premises to his brother, the defendant Emanuele Scarabello. This conveyance was made subject to the mortgages but the grantee did not assume or agree to pay the same. Emanuele, immediately on receiving the conveyance, notified the plaintiff that he had become the owner of the premises and demanded that the rent should be paid to him. The plaintiff has not paid any rent since this demand. Neither Tesiano nor Emanuele has paid anything on either mortgage.

On or about March 25, 1918, this foreclosure action was begun and a receiver of the rents and profits of the mortgaged premises was appointed on the 16th day of April, 1918. At the time of the appointment of the receiver it appeared that Tesiano was insolvent.

In part of the order which is not under review, the report of the referee who sold the mortgaged premises was confirmed. This report showed that the plaintiff was entitled to a deficiency judgment amounting to $1,572.97. The receiver's report showed that he had in his possession the sum of $780, representing rent collected for the mortgaged premises from the month of November, 1915, to and including the month of July, 1917. It will be observed that these moneys in the hands of the receiver represented rent that was due and earned before the commencement of this action.

That part of the order under review denied the plaintiff's motion to have the moneys in the hands of the receiver applied upon its deficiency judgment.

The mortgagor was in default in failing to pay the $2,000 mortgage before any part of the rent money in the hands of the receiver became due, and in like default in failing to pay the $300 mortgage before all but a small part of the rent money in the hands of the receiver became due.

The cases of *Lofsky* v. *Maujer* (3 Sandf. Ch. 69) and *Rutherfurd Realty Co.* v. *Cook* (198 N. Y. 29) are authority for the proposition that through the receivership in this action the plaintiff acquired an equitable lien on the unpaid rent of the mortgaged premises in the hands of the receiver, although the rent accrued before this action was begun and that the plaintiff is entitled to have such moneys applied upon its judgment for deficiency.

It may be argued that the plaintiff forfeited its lien because it violated the covenants of its lease in failing to pay its rent when demanded by the owner of the equity of redemption, and at the same time continued to occupy the premises without beginning an action for foreclosure of the mortgages. I do not think that that claim is tenable. The owner of the equity of redemption might have brought his action to recover the rent and thereby have protected himself. All that can be said is that the rent was not paid and we need not inquire into the motive prompting the plaintiff not to pay the rent.

It follows from the foregoing that that part of the order appealed from must be reversed, with ten dollars costs and disbursements, and the plaintiff's motion granted directing the receiver to pay the moneys in his hands, less his commissions, to the plaintiff to apply on its deficiency judgment.

All concurred.

Order so far as appealed from reversed, with ten dollars costs and disbursements, and plaintiff's motion granted directing the receiver to pay the money in his hands, less his commissions, to the plaintiff, to apply on its deficiency judgment.