## WILLIAM A. MORRIS *v.* H. H. MORANGE.

*Judgment—Foreclosure—Report of Sale—Interlocutory Judgment.*

A judgment is not to be deemed interlocutory where nothing thereafter remains to be judicially determined, but is to be deemed to be final.

The time within which an appeal must be taken, must be reckoned from the date of said judgment.

CLERKE, J.—This action was brought to foreclose the Defendant's equity of redemption in mortgaged premises. On the 10th of February, 1863, a judgment was entered at Special Term, directing a sale of the premises for the satisfaction of the debt, with the costs and expenses of the action, and that the Defendant pay any deficiency which might appear after the sale.

In pursuance of the judgment, the premises were duly sold by the Sheriff of Kings county, in which they were situated. The Sheriff made his report of sale on the 25th of May, 1864, and stated therein that the deficiency amounted to $1,024.47. The report was filed in the office of the Clerk of Kings county, and an order was entered confirming it on the 26th of May, 1864, and the deficiency docketed by the Clerk on the 27th of May, 1864.

Notice in writing of the judgment was served personally on the Defendant on the 16th of February, 1863, and on his attorneys on the next day. A notice of appeal from the judgment was deposited by Defendant in the post-office in New York on the 19th of

March, 1863, addressed to the Plaintiff's attorneys at Brooklyn, and another addressed to the Clerk of Kings county, Brooklyn.

The notice of appeal was set aside by an order of the Court, at Special Term, on the ground that it was served too late upon the Clerk; which order was afterwards affirmed by the General Term.

No written notice of the order confirming the report of sale, and stating the deficiency, was given until the 25th of November, 1867, although the Defendant had served the Plaintiff's attorney a notice of appeal from the said order on the 23d day of November, 1867.

The Defendant insists that the judgment entered on the 10th of February, 1863, was only interlocutory, and that the judgment did not become final until the entry of the order confirming the report of sale, on the 27th of May, 1864; and as he had received no written notice of this order until the 23d of November, 1867, his notice of appeal on the 23d was effectual.

The question, then, arising on that motion is, whether the judgment entered on the 10th of February, 1863, was interlocutory or final, or whether it became final only on the entry of the order confirming the report of sale.

As a general rule, undoubtedly, when a judgment or order directs a reference, although it provides for the decision of the main questions at issue, it is deemed interlocutory.

But I think this can only be when there is something reserved for the Court judicially to determine. In the present case the Court determined all that it was necessary to determine judicially by the judgment of the 10th of February, 1863. There was nothing more for it to decide. What was left was to be done by its ministerial officers.

The Sheriff sent in his report, which was filed, and an order was entered, as of course confirming it. The docket of the deficiency by the Clerk is merely a clerical act in performance of the directions of the judgment entered in the order of February, 1863.

In Mills *v.* Hoag (7 Paige, 18), the Chancellor says: "The usual decree in mortgage cases, for the sale of the property and

the distribution of the fund among the parties, and finally dispos-
ing of the question of costs, is a final decree . . . . and is
constantly enrolled as such; although the Master's report of the
sale and distribution may be excepted to if it is erroneous; and it
may require a subsequent order of the Court to dispose of the ques-
tions which may thus arise."

In Johnson v. Everett (9 Paige, 636), a decree was made by the
Vice-Chancellor of the Seventh Circuit, declaring the rights of the
parties, and directing an account in.conformity therewith, but re-
serving the consequential directions and the question of costs until
the coming in of the Master's report.

The decree was entered on the 5th of January, 1842, and on
the 28th of the same month a copy thereof was served on the
solicitor of the Defendant, whose appeal was not entered until
some time in the following May. The only question therefore
was, whether the decree was final as to the Appellants, or was an
interlocutory decree, from which they should have appealed with-
in the fifteen days allowed by the statute for appealing from
interlocutory orders and decrees of the Vice-Chancellor. The
Chancellor decided that the decree was interlocutory, on the
ground that further directions, and the question of costs, were re-
served until the coming in of the Master's report. "But" (he
adds) " if the decree, in addition to the reference to the Master to
compute," &c., " proceeds further, and gives the usual directions
in such cases—that, upon the coming in and confirmation of the
report of the Master, the premises shall be sold, and that the
Master . . . . pay the amount due . . . . out of the proceeds
of . sale, and directing the mortgagor to pay the deficiency . . .
the decree is final, although the mortgagor may have the right to
except to the Master's report of the amount due."

The case before us is still stronger. The action of the Sheriff
was purely ministerial. No exception could have been taken to
his proceedings, that they could be reviewed judicially. His
duty was merely to enforce the judgment, and to render a report
of his action, which was to be filed with the Clerk without any
further judicial intervention of the Court.

Opinion by CLERKE, J.

It may be proper to add that the reasoning by which I h�seᵣ arrived at this result in no respects conflicts with the receꞁ decision of this Court in Clark *v.* Brooks (2 Abb. N. S. 385).

The judgment appealed from in that case was purely interlocutory ; there were questions expressly reserved for the further adjudication of the Court—questions upon which the intervention of the judicial action of the Special or General Term was indispensable before a final judgment could be entered.

The order should be affirmed, with costs.

Concurring : WOODRUFF, GROVER, MASON, MILLER, and DWIGHT, JJ.

Judgment affirmed.

<div align="right">

JOEL TIFFANY,
State Reporter.