John J. Moore et al., Executors, etc., Appellants, *v.* James E. Shaw, Respondent.

The determination of the Supreme Court upon a question of vacating a judgment for a mere irregularity, based upon a rule of practice, not a positive statute, and where the party complaining has not been in any way prejudiced, is not reviewable in this court.

Accordingly *held,* that an order denying a motion to vacate a judgment for deficiency in a foreclosure suit, on the ground that the report of the referee who made the sale was not confirmed, and no application for a personal judgment against defendant made, was not reviewable here.

(Argued June 3, 1879; decided June 10, 1879.)

THE nature of the appeal and the facts appear sufficiently in the opinion.    (Reported below, 15 Hun, 428.)

*John C. Shaw*, for appellants.

*M. W. Divine*, for respondent.

*Per Curiam.*    This is an appeal from an order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term, denying a motion to vacate a judgment for deficiency, upon the ground that the report of the referee, who made the sale, was not confirmed, nor any application for a personal judgment against the defendant made.    The court below held that a judgment for deficiency under section 167 of the Code, was provided for in the judgment of foreclosure, and that no further application need be made to the court, nor any further notice given to the defendant.    We do not deem it necessary to determine, whether this practice is strictly correct or not..    It is sufficient that the alleged error at most is a mere irregularity, based upon a rule of practice, and not upon any positive statute, and that the defendant has not been in any way prejudiced.

The determination of the Supreme Court upon a question of vacating a judgment under such circumstances is not reviewable in this court.    It is a mere question of practice, in respect to which the decision below is final.    (See sub. 12, § 721, New Code.)    It was never intended that the time of this court should be occupied with questions of practice.

The appeal should be dismissed.

All concur, except DANFORTH, J., absent.

Appeal dismissed.