Dwight, J.
—The mortgage was for $2,000, of the purchase money of the premises, sold by the plaintiff to the defendant for $2,500, of which $500 was paid down. The action was for the first installment of $200, due on the mortgage. Judgment of foreclosure and sale was entered July 17, 1867; it directed that the referee, to make the sale, should report the deficiency, that the defendant should pay the same to the plaintiff, and that the purchaser should be let into possession on production of the referee’s deed.
The sale was made August 10, 1867. The plaintiff became the purchaser for $300, leaving a deficiency of more than $2,000. The report of sale was made August 13, 1867, and was filed October 25, 1867. The plaintiff took possession of the premises and in June following sold them for $2,250 in cash.
The plaintiff’s attorney, the defendant’s attorney and the defendant herself all died before this motion was made, or another proceeding was had after the filing of the referee’s report of sale, more than twenty years before.
There can be no substitution for the deceased defendant in this action, because the action was at an end before her decease. It had been prosecuted to final judgment. The judgment in this case was final and not interlocutory merely. It left nothing farther to be adjudicated by the court. Morris v. Morange, 38 N. Y., 172.
The case is not within section 757 of the Code of Civil Procedure, providing for the continuance of actions, even as amended in 1879, because the cause of action does not survive or continue. The cause of action was merged and lost in the final judgment.
No proceeding can be taken in the action without substitution. The case is not within the provisions of section 763 of the Code, providing for the entry of final judgment in the name of the original parties, after the death of either *544 party, where an interlocutory judgment, etc., had been previously entered; because as we have seen the judgment already entered was the final, and not an interlocutory judgment.
There was very much in the facts of this case to lead the court, in its discretion to deny this motion, so far as the court had a discretion in the premises; but upon strict legal grounds the motion was properly denied.
The order must be affirmed, with costs.
All concur.