PHINEAS V. HAWLEY, as EXECUTOR OF ROYCE R. CALLISTER, DECEASED, RESPONDENT, v. BRIDGET WHALEN, APPELLANT, IMPLEADED WITH OTHERS, DEFENDANTS.

*Foreclosure of a mortgage — entry of a deficiency judgment before confirmation of the referee's report of sale — jurisdiction of the County Court where the judgment exceeds $1,000 — State Constitution, art. 6, sec. 15; Code of Civil Procedure, sec. 340, sub. 1.*

Upon the foreclosure of a mortgage, by action, in a County Court, a judgment of foreclosure and sale was entered directing that any deficiency arising on the sale should be paid by Bridget Whalen. A deficiency having arisen on the sale, judgment for the amount of the deficiency, exceeding one thousand dollars, was entered against Bridget Whalen before the referee's report of sale was confirmed.

*Held*, that, after it appeared from the report that a deficiency had arisen, the plaintiff was entitled to enter a judgment, and issue execution thereunder, without application to the court or giving notice to the defendant.

That the provisions of section 15 of article 6 of the State Constitution, limiting the original jurisdiction of County Courts to cases in which the damages claimed do not exceed $1,000, were controlled by the last clause of the section, which states that "they shall also have such other original jurisdiction as shall from time to time be conferred upon them by the legislature."

That as the legislature has conferred upon County Courts jurisdiction to entertain an action for the foreclosure of a mortgage without limitation as to the amount involved (Code of Civil Pro., § 340, sub. 1), such a court may grant a deficiency judgment for any amount, although it may exceed one thousand dollars.

APPEAL by the defendant Bridget Whalen from an order of the Monroe County Court, entered in the office of the clerk of said county on the 25th day of November, 1891, denying a motion to vacate a judgment against her for a deficiency upon the foreclosure of a mortgage.

*D. C. Feely*, for the appellant.

*G. E. Warner*, for the respondent.

DWIGHT, P. J.:

The case of *Moore* v. *Shaw* (15 Hun, 428, appeal dismissed, S. C., 77 N. Y., 512), the authority of which seems to be unquestioned, is apparently an answer to most of the allegations of irregularity contained in the defendant's notice of motion. Under the doctrine of that case, the final judgment of foreclosure and sale having adjudged that the defendant Bridget Whalen pay any deficiency which might arise on the sale, and it appearing by the referee's report of sale that a deficiency had arisen and the amount of it, the plaintiff was entitled to issue execution for such deficiency against the defendant named, without any further application to the court or notice to the defendant. The fact, however, that judgment for the deficiency was entered and docketed can be no objection to the plaintiff's proceedings; it was in accordance with the usual and approved practice, and was, no doubt, necessary to effect a lien upon real estate of the defendant. The omission to serve a copy or give notice of the filing of the report of sale was not specified among the irregularities complained of in the defendant's notice of motion.

The statute of limitations affords no ground of relief to the defendant; that statute has no ·application to proceedings in an action which has been once duly commenced. The objection that the amount of the deficiency, for which judgment was entered, exceeds the ·jurisdiction of the County Court is based upon the provision contained in section 15 of article 6 of the Constitution of this State, which reads as follows:

" The County Courts shall have the powers and jurisdiction they now possess until altered by the legislature. They shall also have original jurisdiction in all cases where the defendants reside in the county and in which the damages claimed shall not exceed $1,000. * * * They shall also have such other original jurisdiction as shall from time to time be conferred upon them by the legislature."

Here it is apparent, from the language employed, that the limitation to $1,000 relates solely to the class of common-law actions — whether on contract or sounding in tort — for the recovery of money only ; and that, subject to that limitation, the legislature may confer upon the County Courts jurisdiction in any and every class of actions, without regard to the extent or value of the property or rights to be affected thereby. (*Buckhout* v. *Rall*, 28 Hun, 484.) The legislature has, accordingly, conferred upon those courts jurisdiction of the action to foreclose a mortgage, without limitation in respect to the value of the property mortgaged or the amount of the obligation to be enforced. (Code of Civ. Pro., § 340, sub. 1) ; and it has, moreover, provided that " where a County Court has jurisdiction of an action * * * it possesses the same jurisdiction, power and authority in and over the same, and in the course of the proceedings therein, which the Supreme Court possesses in a like case ; and it may render any judgment or grant either party any relief which the Supreme Court might render or grant in a like case." (Id., § 348.) Under this provision of the statute there can be no question of the authority of the County Court to render a judgment for any deficiency which may arise in any action of foreclosure of which it has obtained jurisdiction. The judgment for a deficiency is necessarily an incident to the action of foreclosure, because the very existence of the deficiency and the amount of it is dependent upon the proceedings in the action.

PEOPLE ex rel. D., L. & W. R. R. CO. v. REID.     553

Fifth Department, June Term, 1892.

The judgment in this case seems not to be obnoxious to any well-founded objection to the jurisdiction of the court or the practice in the action.   The order appealed from should be affirmed.

Macomber and Lewis, JJ., concurred.

Order of County Court of Monroe county appealed from affirmed, with ten dollars costs and disbursements.