(112 App. Div. 302)

### BROWN et al. v. FAILE et al.

(Supreme Court, Appellate Division, Second Department. April 20, 1906.)

MORTGAGES—DEFICIENCY JUDGMENT—DOCKETING OF JUDGMENT—TIME.

    Though a deficiency judgment in mortgage foreclosure was not docketed for 10 years after the filing of the judgment roll, the lapse of time was no ground for a cancellation of the docket.

    [Ed. Note.—For cases in point, see vol. 35, Cent. Dig. Mortgages, § 1006.]

Appeal from Special Term, Westchester County.

Action by Annie Wilmerding Brown and another against George E. Faile and others. From an order denying a motion for an order to cancel the docket of a deficiency judgment, defendant George E. Faile appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, and RICH, JJ.

John J. Crawford, for appellant.
Stephen O. Lockwood, for respondents.

HIRSCHBERG, P. J. This action was brought in the year 1892 to foreclose a mortgage upon real estate in the county of Westchester. It resulted in a judgment of foreclosure and sale duly entered on the 7th day of January, 1893, which provided in the usual form, among other things, that the appellant should pay any deficiency which might result from the sale, and that the plaintiffs should have execution therefor. The sale occurred on the 27th day of May, 1893, and resulted in a deficiency of $4,770.82. The referee's report of sale, showing the deficiency, was made on the 26th day of June, 1893, but the report was not filed until the 8th day of July, 1905, on which day the judgment was docketed. It appears that the delay was caused by the fact that immediately or shortly after the judgment of foreclosure and sale was obtained the plaintiffs were engaged in litigation with their attorney,

which resulted in his removal, and the substitution of other attorneys in his place, and that the former attorney had not paid the referee's fees or taken up his report, and the substituted attorneys were unable to get the report from the referee until the month of March, 1897, when it was delivered to them, and by them through inadvertence placed with the papers in the case in their office, where it remained until it was finally filed.

In Moore v. Shaw, 15 Hun, 428, it was held that, where a judgment in an action to foreclose a mortgage provides for the payment of a deficiency by the defendant, it is unnecessary to confirm the referee's report before issuing an execution, or to enter any further judgment upon the filing of the report. In that case a motion to set the deficiency judgment aside as irregular was denied. An appeal to the Court of Appeals was dismissed (Moore et al. v. Shaw, 77 N. Y. 512), the court declining to consider the question whether the practice was regular, but stating (page 513) that:

"It is sufficient that the alleged error, at most, is a mere irregularity, based upon a rule of practice, and not upon any positive statute, and that the defendant has not been in any way prejudiced."

In Evans v. Cleveland, 72 N. Y. 486, the court, intimating that the same rule applies in legal and equitable cases, held that in a legal action commenced before it was barred by any statute of limitations no lapse of time will defeat an application for its continuance in the name of a representative of a deceased party, and no statute of limitation will bar a recovery.

The appellant claims that the object of docketing the judgment is twofold: First, that an execution may issue; and, second, that the judgment may become a lien. He admits that the plaintiffs were not entitled to issue an execution as of right, but claims that the judgment now docketed could not become a lien, for more than 10 years have elapsed since the filing of the judgment roll. Assuming that he is right in his contention, I cannot see that he has any grievance under the circumstances, as the only result of the delay would be to deprive the plaintiffs of a lien for the deficiency which they might have acquired by a timely docketing. There is concededly no statutory limitation for the docketing of a deficiency judgment. There is no authority for the judicial creation of such limitation. The appellant has not been prejudiced in any manner by the delay of the plaintiffs in the enforcement of their claim against him.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.