Determination confirmed and appeal dismissed.

---

MAURICE BAMBERGER, as Trustee, Appellant, v. JACOB A. CANTOR and Others, Respondents.

First Department, June 13, 1919.

Mortgages — foreclosure of mortgage on undivided interest — amendment of judgment — substituting parcel allotted to defendant in partition proceedings subsequently instituted.

Where property is partitioned while an action is pending to foreclose a mortgage against an undivided interest therein, the plaintiff in the foreclosure proceedings is entitled to an order for an amendment of the judgment of foreclosure and sale by substituting the description of the parcel allotted in the partition proceeding to the defendant in foreclosure, especially where there is no opposition to the motion.

Such an amendment is clearly authorized by section 1540 of the Code of Civil Procedure.

APPEAL by the plaintiff, Maurice Bamberger, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of May, 1919, denying his motion for an order modifying and amending the judgment of foreclosure and sale herein.

*Ralph Wolf* of counsel [*Hays, Hershfield & Wolf*, attorneys], for the appellant.

No appearance for the respondents.

PAGE, J.:

The action was brought to foreclose a mortgage made by the defendant Cantor covering his undivided one-half interest in a certain parcel of land in the county of New York. A final judgment of foreclosure and sale was made May 25, 1915. An appeal was taken to this court and the judgment was affirmed, and to the Court of Appeals, where it was affirmed on May 15, 1918. (See 173 App. Div. 889; 223 N. Y. 634.) While this action was pending an action was commenced for a partition of the property covered by the mortgage. Commissioners were appointed in that action, and they made a report alloting a part of said premises to the defendant Jacob A. Cantor to be held by him in severalty. The report of the commissioners was confirmed and judgment entered accordingly. The partition judgment provided: " That the said Parcel B shall be subject to the mortgage executed by the defendants, Jacob A. Cantor and Lydia G. Cantor, his wife, to Maurice Bamberger, as Trustee * * * and to a judgment of foreclosure and sale in an action brought by Maurice Bamberger, as trustee, * * * against Jacob A. Cantor, Lydia G. Cantor, his wife, * * * entered in the office of the Clerk of the County of New York on May 22, 1915, directing the foreclosure and sale of the premises."

Plaintiff moved, in order to give force and effect to the partition judgment, for an amendment of the judgment of foreclosure and sale by substituting the description of parcel B and providing that sale should be made of the said parcel. The defendants did not oppose the motion, and the surety

upon a bond executed by Cantor consented thereto. Nevertheless, the learned justice at Special Term denied the motion.

In my opinion, the order should have been granted. Section 1540 of the Code of Civil Procedure expressly provides that if a creditor have a lien on an undivided share or interest in the property, and partition of the property be made, the lien, whether the creditor is a party or is not made a party, shall thereafter attach only to the share or interest assigned to the party upon whose share or interest the lien attached. Therefore, the judgment in the partition action was strictly according to law, and the effect of that was to remove the lien from the undivided half of all the property to the particular parcel that was set off to the defendant Cantor in that action. This motion merely is to give effect to the partition judgment, and as all parties either consented or did not oppose, there certainly can be no valid objection to the granting of the motion.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted. Order to be settled on notice.