JOSEPH BONDY and Another, Appellants, *v.* ARONSON AND LIST REALTIES, INC., Respondent, Impleaded with CHRIS J. WORBASS and Others, Defendants.

JOSEPH BONDY and Another, Respondents, *v.* ARONSON AND LIST REALTIES, INC., Appellant, Impleaded with CHRIS J. WORBASS and Others, Defendants.

Fourth Department, November 7, 1929.

*Frank Hopkins*, for the plaintiffs.

*Levy, Shulman & Shulman* [*Ralph Shulman* of counsel], for the defendant Aronson and List Realties, Inc.

*Miller, Matterson & Quinn*, for the defendant Chris J. Worbass.

THOMPSON, J. Plaintiffs, appellants, are mortgagees; defendant, appellant, Aronson and List Realties, Inc., is mortgagor and former owner; defendant Worbass is the present owner and in possession of the premises described in the complaint, and has assumed and agreed to pay the mortgage. Thus defendant Worbass is the principal debtor and the defendant, appellant, Aronson and List Realties, Inc., the surety for the payment of the mortgage indebtedness. (*Hyde* v. *Miller*, 45 App. Div. 396; affd., 168 N. Y. 590.) Plaintiffs, appellants, have prosecuted this action to foreclose their mortgage to judgment, sale, referee's report, order of confirmation

and deficiency. Plaintiff's judgment of foreclosure and sale, which is final and not interlocutory (Civ. Prac. Act, § 1082; *Morris* v. *Morange*, 38 N. Y. 172), provides that the plaintiffs recover the deficiency from both of these defendants, and that the referee to sell report its amount to the court.

Upon the sale (April fourth) the premises were bid in by plaintiff Joseph Bondy for the sum of $6,000, and the referee's report of sale (April fifth) certifies that the amount of the deficiency was $1,901.90, "for which the defendants, Aronson and List Realties, Inc., and Chris J. Worbass, are liable under said judgment." On the day of the date of the referee's report of sale, plaintiffs sold the premises to defendant Worbass for an amount equal to the sum of plaintiffs' claim for the mortgage debt, interest, costs, disbursements and the expenses of the sale, under an agreement, as claimed by defendant, appellant, Aronson and List Realties, Inc., that Worbass thus "paid to the plaintiffs * * * the full amount due in the foreclosure proceeding." *Thereafter* (April sixth) plaintiffs obtained and entered an order confirming the referee's report of sale, which also provided that plaintiffs should recover from defendant, appellant, Aronson and List Realties, Inc., the sum of $1,901.90, the deficiency stated in the report, and omitted entirely the name of defendant Worbass; and further agreed, so defendant, appellant, charges, that any moneys collected thereunder from it should be credited on the purchase-money bond and mortgage given by defendant Worbass to the plaintiffs. Whereupon defendant, appellant, Aronson and List Realties, Inc., procured an order to show cause why the sale, the order of confirmation and the deficiency judgment should not be vacated and set aside, or, if denied, why the deficiency judgment should not be amended so as to include the defendant Worbass, and provide that plaintiffs should first issue execution against him before attempting to collect the judgment from Aronson and List Realties, Inc. Upon the return of the order to show cause, the Special Term made an order amending the order of confirmation and the deficiency judgment therein contained, so that it might provide that the plaintiffs should recover of both defendant Worbass and defendant Aronson and List Realties, Inc.; that plaintiffs be required to issue execution upon the judgment and take any and all proceedings prescribed by law to enforce collection of it against defendant Worbass prior to taking any such proceedings against defendant Aronson and List Realties, Inc., and that in the event of the inability of the plaintiffs to collect the judgment from defendant Worbass, then the defendant Aronson and List Realties, Inc., should be required to pay said judgment or so much thereof as should remain uncollected, in which event the plaintiffs were required to assign

said judgment to defendant Aronson and List Realties, Inc., in order that it might be subrogated to all the right, title and interest of plaintiffs in and to said judgment as against said defendant Worbass. The order further denied the part of the motion asking that the sale of the premises, the order of confirmation and the deficiency judgment be vacated and set aside. Plaintiffs have appealed from the part of the order granting the amendment of the order of confirmation, and defendant, appellant, Aronson and List Realties, Inc., appeal from the parts denying their motion to vacate and set aside the sale, the order of confirmation and the deficiency judgment therein contained against them.

We think that the Special Term was without power to grant the amendment of the order of confirmation which provided the manner in which the judgment for deficiency should be collected. At the most these provisions might have been contained in the judgment of foreclosure and sale — they have no place 'n an order of confirmation. (Wiltsie Mort. Forec. [4th ed.] § 972.) However, inasmuch as plaintiff, appellant, has evidently chosen to use the order of confirmation for the purpose of procuring the docketing of the judgment for deficiency against defendant, appellant, Aronson and List Realties, Inc., alone, we think that the action of the Special Term in granting the amendment to the order of confirmation requiring the insertion of the name of defendant Worbass as one of the defendants against whom the deficiency judgment should be docketed, was proper.

Under the New York practice, so far as the rights of defendants are concerned, it is not necessary for the plaintiff to obtain an order confirming the report of the referee to sell whether the report shows surplus or deficiency. The adjudication as to a party's responsibility for a deficiency must be contained in the judgment of foreclosure and sale, and when this is done it is the practice for the clerk to docket the amount of the deficiency as set forth in the referee's report of sale against the person or persons whom the judgment of foreclosure and sale adjudges to be responsible therefor. It is unnecessary to apply to the court for an order confirming the report of the referee before issuing execution against defendant for a deficiency, nor is it necessary to enter any further judgment upon the filing of the said report. (*Moore* v. *Shaw*, 15 Hun, 423; appeal dismissed, 77 N. Y. 512.) If the referee's report of sale shows a deficiency and the amount of it, the plaintiff is entitled to issue execution against the defendant named without any further application to the court or notice to the defendant. (*Hawley* v. *Whalen*, 64 Hun, 550.) There is no statutory limitation for the docketing of a deficiency judgment in an action of foreclosure, and

it is unnecessary to confirm the referee's report before issuing an execution or to enter any further judgment upon the filing of the report. (*Brown* v. *Faile*, 112 App. Div. 302.) Where the final judgment in foreclosure directs payment by a defendant of any deficiency found to be due on the sale, it is not necessary to enter any further or other judgment, nor as against such defendant an order confirming the report of sale. (*Taylor* v. *Derrick*, 46 N. Y. St. Repr. 583.)

We approve the action of the Special Term in declining to pass upon the question as to whether or not defendant Aronson and List Realties, Inc., was discharged from liability upon the deficiency judgment by " any action of the plaintiffs taken either at the time of sale or subsequent thereto." Defendant, appellant's, application for this relief was not properly included in the motion to amend the order of confirmation of the report of the referee to sell. By such refusal and our approval of the order in this respect, there is saved to defendant, appellant, Aronson and List Realties, Inc., any remedy or action that it may properly hereafter invoke to the end that this question may be tried and a proper conclusion reached.

The order is modified by striking out all of its provisions amending the order of confirmation, except that which directs judgment against defendant Worbass, and as modified affirmed, without costs.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

In first case: Order modified by striking out certain portions thereof and as so modified affirmed, without costs of this appeal to either party.

In second case: Order so far as appealed from by defendant Aronson and List Realties, Incorporated, affirmed, without costs of this appeal to either party.