JACOB WATSKY, Plaintiff, *v.* TWO HUNDRED AND TWELFTH STREET REALTY CORPORATION and Others, Defendants.

Supreme Court, Bronx County, September 14, 1931.

*Joseph Z. Wechsler* [*J. M. Goddard* of counsel], for the plaintiff.

*Samuel D. Levine,* for the defendant.

McGEEHAN, J. The defendant, the owner of the equity of redemption in the property made the subject of this foreclosure action, asks that its default herein be opened; that it be permitted to serve an answer; that the amended judgment of foreclosure and sale entered herein on July 30, 1931, be set aside as to it, and that the sale had thereunder be declared invalid.

It appears that the property is subject to the lien of three mortgages, the first for $100,000, the second for $50,000 and the third (the one in suit) for $60,000, a purchase-money mortgage executed by the defendant when it bought the property.

The second mortgage is held by the plaintiff's mother and cousin.

An action to foreclose that mortgage was commenced several months previous to the institution of this action. A receiver of the rents was appointed. In procuring such appointment the plaintiff made it appear that the property was worth not more than $140,000. The receivership has been extended to this action. The same attorney represents the plaintiffs in both actions.

The defendant, in its proposed answer, which forms a part of the moving papers, alleges an agreement with the plaintiff whereby its default under the second mortgage was to be waived, the action to foreclose it discontinued and the third mortgage purchased from the holder thereof by the plaintiff for the benefit of the defendant which was to pay the plaintiff the sum of $10,000 in addition to such other sums as the plaintiff might be required to advance to consummate the transaction. All proceedings in the action to foreclose the second mortgage were suspended. That action has remained dormant. It appears that the plaintiff procured an assignment of the third mortgage for the sum of $16,000 plus an additional payment for interest, taxes and other charges. Apparently the holder of the third mortgage realized the possibility of a loss in the present depressed market should the action to foreclose the second mortgage proceed to sale and the property sold for an amount that might be insufficient even to cover the amounts due on the prior mortgages. Obviously the defendant was endeavoring to readjust this mortgage lien so as to protect its equity in the property.

The defendant alleges that the plaintiff breached the agreement and started this action on May 13, 1931, three weeks after acquiring the third mortgage. The defendant appeared in the action by a firm of attorneys who do not represent it on the present motion for the stated reason that they may be called as witnesses for the defendant.

Two notices of appearance were served on behalf of the defendant, on both of which is typed the date, " June 5th, 1931." One is a general appearance demanding service of all papers in the action and bears an admission of service upon the plaintiff's attorney on the same date. The other waives service of all papers and notice of all proceedings in the action except notice of sale and proceedings to obtain surplus moneys. The date thereon has been changed in ink to read " July 2nd, 1931," and bears an admission of service upon the plaintiff's attorney on that date. Neither appearance is included in the judgment roll. A plausible explanation is made by the defendant for this change in the form of its appearance in the action.

By default of all parties defendant the plaintiff obtained a judg-

ment of foreclosure and sale on July 14, 1931. The property was noticed for sale on August 7, 1931. About ten minutes before the sale was to be held a motion by the defendant for a stay came on to be heard. I denied the application for a stay and directed the sale to proceed without prejudice to the rights of the defendant in the premises.

An examination of the record discloses several irregularities in these proceedings that seem to warrant the granting of all the relief sought by the defendant. The notice of sale does not conform to the judgment. It contains certain unauthorized provisions. Publication of the notice was commenced on July 17, 1931. On August 1, 1931, the city of New York became vested with title to a part of the premises, namely, the corner portion thereof, approximately 25 feet by 155 feet. About a week before the scheduled date of the sale the plaintiff entered, *ex parte*, an amended judgment which excluded from the description of the property the part acquired by the city and provided that the amendment be without prejudice to the previous proceedings in the action and without prejudice to the publication of the notice of sale as already made. The whole plot was advertised for sale but a substantial part thereof could not be sold. The plaintiff was entitled to have the judgment amended but the publication of the notice of sale should have been changed to conform to the true facts and the premises described therein in accordance with the amendment. It may reasonably be assumed that such a change might affect the bidding. The announcement made by the auctioneer at the time and place of sale that part of the premises had been excluded does not seem to be sufficient. The requirements of the statute must be strictly met. A legal publication must be correct and pursuant to the judgment under which it is made. Fortunately for the principal parties to the action, the plaintiff bid in the property and no rights of an innocent purchaser are involved. The referee has not delivered his deed. The sale must be set aside. I feel that in equity the default of the defendant should be opened. The defendant should have its day in court and the action tried on its merits. In my opinion it has sufficiently excused its default and presents an apparently meritorious defense. The motion is in all respects granted. No costs. Settle order.