Feiber Realty Corporation et al., Appellants, *v.* Edward C. Abel, Respondent, Impleaded with Others.

(Argued May 23, 1934; decided July 3, 1934.)

*Arthur Morris* for appellant.

*Isidore Ginsberg* for respondent.

HUBBS, J. On August 11, 1933, a jugdment of foreclosure and sale of real property was entered in favor of the plaintiffs-appellants and against the defendants, which specified a balance due the plaintiffs amounting to $18,500, with interest from August 3, 1933. The judgment was in the usual form, providing for the payment of taxes, assessments, water rates, specified referee's fees and costs, and for application of the balance realized upon the sale upon the amount found due the plaintiffs-appellants. It also provided for payment of the deficiency by the defendant-respondent, Edward C. Abel.

A sale was held on September 6, 1933, and a report of sale was filed on September 27, 1933, showing a deficiency of $12,513.08. In the meantime, on August 28, 1933, subsequent to the entry of judgment and prior to the date of sale, section 1083-a of the Civil Practice Act became effective by the enactment of chapter 794 of the Laws of 1933 which declared that a public emergency required legislative intervention and provided as follows:

" § 1083-a. Limitation upon deficiency judgments during emergency period. No judgment shall be granted for any residue of the debt remaining unsatisfied as prescribed by the preceding section where the mortgaged property shall be sold during the emergency, except as herein provided. Simultaneously with the making of a motion for an order confirming the sale or in any event within ninety days after the date of the sale, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action. Such notice shall be served personally or in such other manner as the court may direct. Upon such motion the court, whether or not the respondent appears, shall determine, upon affidavit or otherwise as it shall direct, the fair and reasonable market value of the mortgaged premises as of the date of sale or such nearest earlier date as there shall have been any market value thereof and shall make an order directing the entry of a deficiency judgment. Such deficiency judgment shall be for an amount equal to the sum of the amount owing by the party liable as determined by the judgment with interest, plus the amount owing on all prior liens and encumbrances with interest, plus costs and disbursements of the action including the referee's fee and disbursements, less the market value as determined by the court or the sale price of the property whichever shall be the higher. If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist."

After filing of the referee's report, the plaintiffs-appellants by order to show cause, applied for an order (1) Confirming the referee's report of sale; (2) confirming the deficiency as reported by said referee, or (3) in the alter-

native, if it be found that section 1083-a is applicable, for a judgment accordingly.

The defendant in opposition to said motion submitted an affidavit consenting to the granting of the motion in so far as the same was for the confirmation of the referee's report of sale, but objected to the deficiency judgment. The defendant made no cross-motion to vacate the deficiency judgment as entered. Various affidavits were submitted by both sides as to the value of the property. The court granted the motion to the extent of confirming the referee's report of sale and sending the matter to a referee upon condition that the plaintiff consent to the vacating of the judgment previously entered, and denied the motion in all other respects if the plaintiff did not consent to the vacature of the judgment, with leave to renew in conjunction with a motion to vacate the existing judgment.

The Appellate Division modified the order by providing that the plaintiff may go to an official referee to determine the amount of the deficiency under section 1083-a of the Civil Practice Act without prejudice to the right of the plaintiff for further review if it be ultimately determined that said section is not applicable, and as so modified affirmed the order of the Special Term, and granted leave to appeal to this court, (1) as to the applicability of said section to the facts at bar, and (2) as to the constitutionality thereof as to the facts at bar if by its terms it is applicable thereto.

Considering first the applicability of section 1083-a, it is necessary to determine what judgment is referred to in the opening sentence of the statute which reads in part: " No judgment shall be granted for any residue of the debt remaining unsatisfied as prescribed by the preceding section where the mortgaged property shall be sold during the emergency."

Section 1083, the preceding section, reads as follows: " § 1083. Judgment for deficiency. If a person who is

liable to the plaintiff for the payment of the debt secured by the mortgage [is] made a defendant in the action, and has appeared or has been personally served with the summons, the final judgment may award payment by him of the residue of the debt remaining unsatisfied, after a sale of the mortgaged property, and the application of the proceeds, pursuant to the directions contained therein."

The judgment referred to in section 1083-a would, therefore, seem to be the final judgment referred to in section 1083, and the final judgment can be none other than the judgment of foreclosure and sale provided for under section 1082 of the Civil Practice Act. Section 1083, therefore, by its terms, specified a limitation upon the granting of final judgments in foreclosure actions during the emergency where the mortgaged property shall be sold during the emergency.

The language used does not evidence an intent to affect judgments granted prior to the effective date of the section. A judgment of foreclosure and sale is not only final by statutory definition but by the decisions of this court has been held to be final and an adjudication of all questions at issue. (*Morris* v. *Morange*, 38 N. Y. 172; *Wager* v. *Link*, 134 N. Y. 122.)

As was said in *Morris* v. *Morange* (*supra*, p. 173): " The docket of the deficiency by the clerk is merely a clerical act in pursuance to the directions of the judgment entered," and it has been further held that execution may be issued for a deficiency before confirmation of the report of the referee or the docketing of the deficiency judgment. (*Moore* v. *Shaw*, 15 Hun, 428; appeal dismissed, 77 N. Y. 512; *Taylor* v. *Derrick*, 64 Hun, 636; S. C., with opinion reported in 46 N. Y. St. Repr. 583.)

A construction of a statute which would give it a retroactive operation is not favored by the courts. In *Walker* v. *Walker* (155 N. Y. 77, 81) the court said: " The general rule is that an original statute, or an amendment, will be

construed as prospective only, unless the language clearly and plainly indicates a contrary purpose, and it will not be given a retroactive effect when it is capable of any other construction. * * *

" There is nothing in the amendments under consideration to show that they were intended to have other than a prospective effect. But it is urged that as the statute was a remedial one, a different construction should obtain. While it has been held that remedial statutes may have a retroactive effect where it is clear that the legislature so intended, still, as there is in these amendments nothing to indicate any intent upon the part of the legislature that they should affect judgments already entered, they fall within the general rule, and not within any exception."

The subject was recently considered by this court in the case of *Addiss* v. *Selig* (264 N. Y. 274), and the decisions upon the subject reviewed.

This being a final judgment, substantial rights were vested in the plaintiffs-appellants. (*Livingston* v. *Livingston*, 173 N. Y. 377.)

While the Legislature has control of remedies by which final judgment may be obtained, it " cannot confiscate, recall or put again in jeopardy the rights and property established by judgments already obtained." (*Matter of Greene*, 55 App. Div. 475; affd., 166 N. Y. 485, 492.)

While this is a remedial statute and should be liberally construed, it is in derogation of rights and remedies available to the obligee when the obligation in question was established. It can, under its terms, be so interpreted as not to deprive plaintiffs-appellants of rights vested under their judgment.

We believe that the purpose of the Legislature can be fulfilled without giving to the statute a retroactive effect. To apply the statute to the facts of this case, it would be necessary to give it a retroactive effect.

Since we hold the statute not applicable under the facts of this case, it is unnecessary to determine the second

question presented for our consideration. We have, however, in the case of *Klinke* v. *Samuels* (264 N. Y. 144) held the statute to be constitutional under the facts therein considered.

The orders of the Special Term and of the Appellate Division should be modified by granting the motion of the plaintiffs to confirm the deficiency judgment herein and as so modified affirmed, with costs to appellants in all courts. The first question certified should be answered in the negative and the other question not answered.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN, CROUCH and LOUGHRAN, JJ., concur.

Ordered accordingly.