Issidor Rosen, Respondent, v. Henry Weinstein and Another, Appellants; Timken-Detroit Company, Respondent, and Others, Defendants.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ.

Leonard L. Stein, Plaintiff, v. Henco Realty Company, Inc., and Others, Defendants. Birdie F. Cohen, Appellant; George R. Brennan, Receiver, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ.

Benny Barraco, an Infant, by Joseph Barraco, His Guardian ad Litem, and Joseph Barraco, Respondents, v. R. & D. Scrap Iron & Metal Co., Inc., and Others, Defendants, and Fairbanks, Morse & Co., Inc., Appellant.— Action by an infant to recover damages for personal injuries caused by tripping and falling over an unlawful obstruction in a public street in the borough of Brooklyn, and by his father to recover for loss of services. Judgment in favor of both plaintiffs unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ.

Beach 54th St., Inc., Respondent, v. Edgemere Renting Office, Inc., and Others, Appellants, and Others, Defendants.— Order granting plaintiff's motion for amendment of judgment of foreclosure and sale *nunc pro tunc* as of the 14th day of August, 1933, and order granting motion for reargument and on such reargument adhering to the original determination unanimously affirmed, with costs. Appeal from the so-called " judgment of foreclosure and sale " dismissed. In our opinion the amendments in question were properly granted. (*Bamberger* v. *Cantor*, 188 App. Div. 452; *Woolf* v. *Leicester Realty Co.*, 134 id. 484; *Watsky* v. *Two Hundred & Twelfth St. Realty Corp.*, 141 Misc. 312.) It is immaterial whether or not the amendments are to take effect as of the date of the entry of the judgment, as in any event the rights of the plaintiff to the sum represented by the bond and mortgage vested as of that time and the entry of a subsequent deficiency judgment is merely a clerical act unaffected by the enactment of section 1083-a of the Civil Practice Act in the meantime. (*Feiber Realty Corp.* v. *Abel*, 265 N. Y. 94.) The so-called " amended judgment " was neither made nor entered, and an appeal therefrom cannot revive the issues raised under the pleadings as the amendments do not purport to create a new judgment. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Johnston, JJ.

Florence Blaufeld, Respondent, v. Dorothy Hyams, Appellant.— In an action to recover upon a promissory note, judgment of the County Court of Nassau county modified by deducting from the amount of the judgment, $2,307.19, the sum of $129.25, the amount found by the jury in favor of the defendant on her counterclaim; the amount of the judgment after such deduction being $2,177.94. As so modified, the judgment is unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ.