Manufacturers Trust Company, as Corporate Trustee, and Charles C. Moore, as Individual Trustee, under Trust Mortgage Made by 351–359 West 42nd Street Co., Inc., Dated July 15, 1926, Appellants, *v.* 351–359 West 42nd Street Co., Inc., and Others, Defendants, Impleaded with Centmille Holding Corporation, Respondent. (Appeal No. 2.)

Manufacturers Trust Company, as Corporate Trustee, and Charles C. Moore, as Individual Trustee, under Trust Mortgage Made by 351–359 West 42nd Street Co., Inc., Dated July 15, 1926, Appellants, *v.* 351–359 West 42nd Street Co., Inc., and Others, Defendants, Impleaded with Centmille Holding Corporation, Respondent. (Appeal No. 1.)

First Department, May 15, 1936.

*Stephen S. Bernstein* of counsel [*John P. Allee* with him on the brief; *Carter, Ledyard & Milburn*, attorneys for Manufacturers Trust Company, as corporate trustee; and *McLaughlin & Stern*, attorneys for Charles C. Moore], for the appellants.

*Samuel Conrad Cohen* of counsel [*Milton Gladstone*, attorney], for the respondent.

O'MALLEY, J. By appeals from two orders (1) granting a motion to vacate a deficiency judgment in a mortgage foreclosure action; and (2) denying plaintiffs' application for an order remitting a report of a referee therein for correctionn, there is generally presented the question of the validity of the deficiency judgment vacated.

Judgment of foreclosure and sale was entered August 29, 1932. It contained the usual provision for the entry of a deficiency judgment to the effect that if the proceeds of the sale were insufficient to pay the amount due the plaintiffs, with interest, expenses and costs, the referee was to specify the amount of such deficiency in his report of sale and the parties obligated were directed to pay the plaintiffs the residue of the debt remaining unsatisfied after the sale and the application of the proceeds thereof, and the plaintiffs were to have judgment for the amount of such deficiency and to have execution therefor.

The sale occurred April 30, 1934. In the meantime section 1083-a of the Civil Practice Act had taken effect.

At the sale the property was bid in by the plaintiff Moore, as individual trustee, for the benefit of the holders of all of the bonds secured by the trust indenture. The purchase price was $285,000. The referee in making his report, however, stated that the purchase price was $200,000, and gave the amount of the deficiency to which the plaintiffs were entitled to judgment and execution as $996,287.33. Concededly, this amount was $85,000 in excess of the proper amount.

Notice of filing of the report and notice of motion to confirm was served upon the defendant respondent holding company. No objections were filed, nor was there opposition to the motion to confirm, though the error in question was apparent from the papers.

The justice before whom the motion was returnable rendered the following decision: " Upon the foregoing papers this motion is granted. The referee's report is ratified and confirmed in all respects except as to the deficiency therein indicated."

No appeal has ever been taken from the order entered thereon, dated July 7, 1934.

Thereafter, the plaintiffs procured from the referee a so-called supplemental report filed August 2, 1934, which attempted to correct the error in computation. It stated that the amount of the deficiency to which the plaintiffs were entitled was the sum of $921,362.33. This amount was again concededly erroneous and excessive to the extent of some $10,000.

Thereafter, on direction of the plaintiffs, the county clerk entered judgment for deficiency in the sum of $921,362.33. This direction was predicated upon the judgment of foreclosure and sale and both the *original* and supplemental reports of the referee.

After proceedings had been brought in an attempt to enforce this deficiency the defendant holding company moved to vacate the judgment on the ground, as expressed in the moving affidavit, that the application for the deficiency had been denied by Special Term according to the memorandum decision above set forth and that the judgment entered was without authority because there had been no compliance with the provisions of section 1083-a of the Civil Practice Act. At the same time, according to the record, the plaintiffs made a cross-motion to resettle the first order which refused to confirm the referee's report with respect to the deficiency.

Special Term granted the motion to vacate the judgment on the ground that its order dated July 7, 1934, denying the motion had become the law of the case, since no appeal had been taken. The

cross-motion of the plaintiffs to resettle was also denied. In the record before us, however, there is no order denying the cross-motion to resettle, but only the order vacating the deficiency judgment.

Thereafter, the plaintiffs moved before another justice to remit the original report of the referee for correction as to figures. This motion, as above noted, was denied, such denial being upon the theory that the order of July 7, 1934, had become the law of the case, and on the further ground that there was no authority to refer, as the referee had become *functus officio* and any correction should be made by the court.

We are of the opinion that the plaintiffs were and are entitled to a deficiency judgment and that the right to such relief may be effected upon the disposition of these appeals.

While section 1083-a of the Civil Practice Act had been enacted prior to the sale, the judgment directing foreclosure and sale and providing for the deficiency judgment in the usual manner upon the report of the referee had been entered prior to its effective date. Under such circumstances, the provisions of the statute had no application. (*Feiber Realty Corp. v. Abel,* 265 N. Y. 94; *Emigrant Industrial Sav. Bank v. Van Bokkelen,* 269 id. 110.) No recourse to the court was necessary for a deficiency judgment after the coming in of the referee's report. (*Feiber Realty Corp. v. Abel, supra; Morris v. Morange,* 38 N. Y. 172; *Bondy v. Aronson & List Realties, Inc.,* 227 App. Div. 136; *Brown v. Faile,* 112 id. 302; *Hawley v. Whalen,* 64 Hun, 550; *Moore v. Shaw,* 15 id. 428; appeal dismissed, 77 N. Y. 512.)

The power of the Special Term, therefore, when motion was made to confirm the referee's report, was confined to the correction of errors or omissions with respect to the amount, so far as the deficiency itself was concerned. Refusal to confirm with respect to the deficiency judgment was unauthorized and the order entered upon such refusal could not become the law of the case since it was without effect. (*Emigrant Industrial Sav. Bank v. Van Bokkelen, supra,* p. 114.)

It is true that the supplemental report of the referee could not support the deficiency judgment. More than thirty days had elapsed after the delivery of the deed and the referee was *functus officio.* (See Civ. Prac. Act, § 1088.)

However, as already noted, the deficiency judgment, though in the amount given by the supplemental report, was entered also upon the *original* report of the referee, filed within the thirty-day period. This original report, therefore, is sufficient to support the deficiency judgment. It is true that it is for a lesser amount

than originally found and concededly erroneous. So far as any error is concerned the court will have ample power on the application of any party in interest to make the proper correction. (Civ. Prac. Act, §§ 105, 109.)

In this view the questions as to the power of the Special Term to remit the report to the referee, and whether any correction should be made by the court alone, become academic and the appeal from the order denying the motion to remit to the referee may be dismissed.

It follows, therefore, that the appeal from the order denying plaintiffs' motion to remit the report to the referee should be dismissed, with twenty dollars costs and disbursements to the respondent, and the order granting the motion of the defendant Centmille Holding Corporation to vacate the deficiency judgment should be reversed, with twenty dollars costs and disbursements, and the motion denied, but with leave to any of the parties interested to further proceed, for any correction of the deficiency judgment, as above indicated.

MARTIN, P. J., McAVOY, GLENNON and COHN, JJ., concur.

On Appeal No. 2: Appeal from order denying plaintiffs' motion to remit report to the referee unanimously dismissed, with twenty dollars costs and disbursements to the respondent.

On Appeal No. 1: Order granting motion of defendant Centmille Holding Corporation to vacate the deficiency judgment unanimously reversed, with twenty dollars costs and disbursements, and the motion denied, but with leave to any of the parties interested to further proceed, for any correction of the deficiency judgment as indicated in the opinion.