In the Matter of the Estate of EMILY WEED HOLLISTER, Deceased.

Surrogate's Court, Monroe County, July 13, 1937.

*F. W. Whitney*, for the executor.

*Mann, Strang, Bodine & Wright*, for a creditor.

*J. A. Jennings*, for the receiver.

*Harris, Beach, Folger, Bacon & Keating*, for a creditor.

FEELY, S. Upon the judicial settlement of the estate of this testatrix it appeared that a company was indebted to her on a book account, and that this company has a deficiency judgment against

her executor as such. The possibility or the method of offsetting these claims is now in question. The company's charter having expired, its assets are liquidating in the hands of a receiver appointed March 4, 1933, in a Supreme Court action, and will probably yield payment in full of claim against the company. The estate of the testatrix is insolvent, and will pay only a few cents on the dollar in any event.

Counsel seem mainly to differ as to whether the company's claim was due or had matured in the lifetime of testatrix. The force of those two words here " due " and " matured " is expressed by the word " payable." About eight months before the death of testatrix, which occurred on August 9, 1932, she had, as grantee in a deed of conveyance of an equity in a farm incumbered by a mortgage of $19,000 to the company, assumed and agreed to pay off this mortgage debt. This debt was then past due, for by the terms of the bond the principal sum was all to become and be due and payable on November 22, 1930. After this assumption, and about a year after the death of testatrix, an action in foreclosure was begun by the receiver of the company against the executor; and in the following year a deficiency judgment was granted, from which the original obligors were released for $10. The amount due on the company's judgment was $8,477.03, with interest from its docketing on September 7, 1934. The book account of testatrix against the company was in the sum of $6,839.37, with interest. The executor argues that this court should deny a setoff of the estate's book account against the company's judgment on the mortgage debt she had assumed. Counsel for the receiver, and for one of the creditors of the estate, argues that the company's claim on the judgment should be reduced by the amount of the book account that the company owes the estate. Counsel for another creditor of the estate, to wit, the Union Trust Company, argues that the receiver's claim was contingent upon the land not selling for enough to pay off the obligation, which could not be ascertained until sale and application for deficiency judgment had been made, and that, therefore, this obligation was not due when testatrix died. Perhaps, in so summarizing this contention, the court has not expressed it with due regard to the distinction that exists in such a situation between the fundamental obligation itself and the claim later made on it to the executor of the debtor.

It is clear that the debt had become past due, had matured and was long since payable, at the time the testatrix became principal debtor; and that for those reasons an action on the bond and the assumption could have been begun against testatrix at any time during the eight months that she lived after having assumed

that debt. To this situation can well be applied the language of the court in *Fera* v. *Wickham* (135 N. Y. 223, 229), that this debt had matured and was past due in her lifetime, or might have become due at the creditor's election, and that an equitable setoff could have been made then without interfering with the equities of others.

There can be no doubt that testatrix had become the principal debtor (*Bondy* v. *Aronson & List Realties, Inc.*, 227 App. Div. 136; *Butterly* v. *Maribert Realty Corp.*, 234 id. 424; affd., 260 N. Y. 554; *White* v. *Augello*, 142 Misc. 233); and the sometime owners, the Mussos, thereupon stood in a quasi surety relation to the extent that the land was the primary security and the obligation of the Mussos as such quasi sureties was only to the extent that the value of the land failed to satisfy the mortgage debt. The deficiency judgment and the release took that feature out of the pending question. The past due mortgage debt now stands as one for which the security given has proven worthless. The judgment is simply the conclusive embodiment of the pre-existing debt, without any present priority for payment. The company is, therefore, entitled to make claim against the debtor's estate as a general creditor for the difference remaining after the book account and interest have been offset against the greater claim based on the bond assumed by testatrix, now in the form of the docketed judgment.

Enter a decree in accord with this decision.