is the component material of chief value, sixty-five cents per pound and twenty-five per centum ad valorem."

The Board has found as a fact that this was a partly finished product as imported, and therefore held the same to be properly dutiable under the third clause of said paragraph 17. It is a simple question of fact. I have examined the record, and can see no reason why the court should disturb this finding of the Board.

Decision affirmed.

---

### In re DIX.

(District Court, E. D. Pennsylvania. February 10, 1910.)

#### No. 2,924.

BANKRUPTCY (§ 323*)—PROVABLE CLAIMS—AMOUNT—PURCHASE OF MORTGAGED PROPERTY BY CREDITOR.

Where the holder of mortgages given by a bankrupt foreclosed and bid in the property for a nominal sum, there being no competing bid, on his filing a claim against the bankrupt estate for the balance of his debt, the actual value of the property may be inquired into, and his claim will be allowed only for the amount equitably due.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 503, 513; Dec. Dig. § 323.*]

In the matter of Charles H. Dix, bankrupt. On review of order of referee. Affirmed.

Lewis L. Smith, for claimant.
George J. Edwards, Jr., for trustee.

J. B. McPHERSON, District Judge. The facts of this case are as follows:

The bankrupt owed James L. Cocker $6,655.40 upon two bonds, secured by two mortgages upon two houses and lots of ground. The mortgages were foreclosed, and the sheriff sold the property to Cocker for $100. There was no other bidder at the sale, and the sum paid by Cocker was applied to the costs. He received official deeds and went into possession. Afterwards, he presented a claim against the bankrupt estate for the full amount of the bonds. In his examination before the referee he testified that the houses rented for $53 a month; that their combined value was about $5,000; that he would have bid $5,500 at the sheriff's sale in order to protect his mortgages; and that he was willing to take now $6,500 for the property, as he had spent about $400 in improvements since the sale. He summed up his position very frankly by saying that he thought in fairness the bankrupt owed him about $500; but when the referee took him at his word, and reduced his claim to that sum, he declined to acquiesce and had the question certified.

The allowance of the claim in full was resisted on the ground that only a small part, if any, of the debt was equitably due, and this contention was sustained by the learned referee (George E. Darlington, Esq.), who allowed only $500, as has already been stated. The pre-

cise question now involved was recently decided by the Court of Appeals for the Third Circuit in Winter's Appeal, 174 Fed. 556, and I refer to the opinion of the court in that case for the reasoning that justifies the approval of the referee's order. It may perhaps be advisable to call particular attention to the fact that both in Winter's Appeal and in the present controversy there was no competitive bidding, and that the mortgage creditor was therefore not opposed in the process of transforming his interest from the ownership of a mortgage to the ownership of the fee. In neither case did the amount bid at the sale throw any light on the real value of the property, and in both cases the real value affirmatively appeared in the bankruptcy proceedings.

On the authority of Winter's Appeal, the order of the referee is affirmed.

In re BEIHL.

(District Court, E. D. Pennsylvania. February 10, 1910.)

No. 3,511.

BANKRUPTCY (§ 184*)—PROPERTY PASSING TO TRUSTEE—INVALID MORTGAGE OF PERSONALTY.

An insolvent conveyed personal property of which he was the absolute owner to a creditor for the expressed consideration of $1, and took back a lease of the same, also giving a nominal consideration, with the right in the lessee to repurchase if he had paid his indebtedness to the lessor. *Held,* that the transaction was an attempted mortgage, invalid under the law of Pennsylvania for want of delivery, and that on the bankruptcy of the debtor the property passed to his trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 275–277; Dec. Dig. § 184.*]

In the matter of Ernest H. Beihl, bankrupt. On review of order of referee. Affirmed.

Franklin Spencer Edmonds, for George W. Edmonds.

George P. Rich, for trustee.

J. B. McPHERSON, District Judge. The facts of this dispute are not in question, and may be thus stated:

A voluntary petition was filed by the bankrupt on July 2, 1909. A few days before—on June 25th—his landlord had distrained for rent upon the horses and wagons now in controversy. The District Court restrained the sale, and thereupon George W. Edmonds claimed to be the owner of the articles levied upon, averring that Beihl had sold them to him on May 10th, and was in possession under a lease made by Edmonds on the same day. The transaction was as follows: Beihl, who was a retail dealer in coal, owed Edmonds $255.53 for coal previously bought. In consideration of this debt, and of Edmonds' promise to furnish more coal to be used by Beihl in his retail trade, the bankrupt made a bill of sale of the horses and wagons. This document sells the property for an expressed consideration of $1, saying