RUTHERFURD REALTY COMPANY, Appellant and Respondent, v. WILLET F. COOK, Respondent and Appellant, Impleaded with Another.

Mortgage — foreclosure — deficiency — construction of agreement by which rent of mortgaged premises may be applied on deficiency — reversal of order that rent be paid to plaintiff on deficiency — when motion may be renewed.

In an action to foreclose a mortgage upon premises of which defendant was the owner of the equity of redemption, although not the mortgagor, in which it was sought to charge him with a liability for any deficiency on the ground of certain agreements made by him, it was stipulated upon withdrawal of plaintiff's motion for a receiver that the rents of the mortgaged premises should be deposited and be applied "solely to the payment of taxes, ground rent and insurance premiums affecting the premises," "any sum or sums remaining thereafter to be held to abide the event of this action." The litigation resulted in an affirmance of the judgment of foreclosure and sale, and the reversal of a judgment which had been obtained against defendant for deficiency. *Held*, that the event of the action on which the application of the rents depended was the determination of the validity of plaintiff's mortgage and the right to have the mortgaged premises sold under foreclosure. That event has been determined in plaintiff's favor, and it is entitled to so much of the fund as may be requisite to pay its claims.

After the sale plaintiff moved for an order directing that the fund be paid to it, and an order to that effect was granted, but reversed by the Appellate Division. Thereafter the present application was made by defendant and granted at Special Term and modified by the Appellate Division, which gave leave to both parties to appeal to this court. *Held*, that the denial of plaintiff's motion that the fund be awarded to it was not conclusive as to the right of defendant to the fund, since there was no award of the fund to defendant; that plaintiff might

have obtained leave to renew, and the fact that the Appellate Division has certified the case to this court on its merits is the equivalent of such leave.

*Rutherfurd Realty Co.* v. *Cook,* 133 App. Div. 894, reversed.

(Argued February 7, 1910; decided Febuary 22, 1910.)

CROSS-APPEALS, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 6, 1909, which modified, and affirmed as modified, an order of Special Term directing that a certain fund, being rents of mortgaged premises collected during the pendency of an action of foreclosure, be paid to the defendant.

The facts, so far as material, and the questions certified are stated in the opinion.

*H. H. Snedeker* for plaintiff, appellant and respondent. At the time of the entry of the foreclosure judgment the plaintiff had a lien on the property, a lien on the rents, and under certain circumstances the right to enter a personal judgment against the defendant Cook. The lien on the property and the lien on the rents were not in any way connected or dependent upon the right to enter a deficiency judgment. (*Decker* v. *Gardner,* 124 N. Y. 334; *Ross* v. *Vernam,* 6 App. Div. 246; *Fletcher* v. *McKeon,* 71 App. Div. 278; *U. S. Trust Co.* v. *W. S. R. Co.,* 101 N. Y. 478; *Hollenbeck* v. *Donnell,* 94 N. Y. 342.)

*Martin L. Stover* for defendant, respondent and appellant.

CULLEN, Ch. J. Some time prior to November 13th, 1905, this action was brought for the foreclosure of a mortgage on certain leasehold property in the city of New York. The defendant Cook, though not the mortgagor, was, at the time, the owner of the equity of redemption. By the complaint the plaintiff sought not only a foreclosure of the mortgage and sale of the mortgaged premises, but also to charge the defendant Cook with liability for any deficiency on the ground that by certain agreements he had become personally liable for the mortgage debt. Shortly after the institution of the action the plaintiff applied for the appointment of a receiver of the mortgaged premises, presumably on the ground

of inadequate security, though the record does not contain the papers on which the application was made. Thereupon, on the date above mentioned, the parties entered into a stipulation whereby it was agreed that the motion for a receivership be withdrawn, and that the rents of the mortgaged premises be deposited in bank to the joint account of the defendant Cook and the plaintiff's attorney, to be applied and devoted solely to the payment "of taxes, water rates, insurance premiums and ground rent of the mortgaged premises." On January 15th, 1906, the further stipulation was entered into : "That all rents of the mortgaged premises herein to be collected by the defendant Cook, and to be deposited in the joint account of Willet F. Cook and H. H. Snedeker, in the Fourteenth Street National Bank, on or before the fifteenth day of each and every month after the receipt of the same by the said Cook, the same to be applicable solely to the payment of taxes, ground rent and insurance premiums, affecting the premises No. 4 East 14th Street, any sum or sums remaining thereafter to be held to abide the event of this action." The defense interposed to the validity of the mortgage was usury. The trial of the action resulted in favor of the plaintiff, and judgment was entered for the sale of the mortgaged premises and against the defendant Cook personally for any deficiency that might arise. On appeal the Appellate Division affirmed the judgment of the Special Term. On further appeal to this court the judgments below were reversed unless the plaintiff consented to release the deficiency judgment, in which case the judgment of foreclosure was affirmed. (See 191 N. Y. 555.) The plaintiff gave the required stipulation so that our decision resulted in a modification of the judgment, affirming it so far as it directed foreclosure and sale of the mortgaged premises. Pending the appeal the sale under the judgment of the Special Term was stayed and the rents continued to be collected and deposited under the stipulations recited. After the affirmance by this court a sale was had which resulted in a deficiency of several thousand dollars. The plaintiff moved for an order directing the fund on deposit to be turned over

to it, to be applied on the deficiency in which the sale had resulted. This was granted, but on appeal to the Appellate Division the order was reversed. Thereafter the defendant made the application which is now before us, that the fund be paid to him. The Special Term granted the motion. On appeal the Appellate Division modified the order of the Special Term and directed that so much of the fund as was necessary for the purpose be applied to the payment of taxes, ground rent and other charges on the mortgaged premises, and that the remainder be paid to the defendant. Under leave from the Appellate Division both parties have appealed to this court, the defendant from the modification made by the Appellate Division, the plaintiff from that portion of the order that directed the payment of the remainder of the fund to the defendant. The court below has certified four questions to this court for determination :

" 1. Did the modification of the judgment by the Court of Appeals, relieving the defendant from any personal liability for the deficiency, determine 'the event of the action' as against plaintiff ?

" 2. Shall the rents accumulated and deposited in the bank pending the foreclosure under the stipulation and orders be applied upon the deficiency arising on the sale ?

" 3. Is the defendant entitled to the entire sum on deposit under the stipulations and orders ?

" 4. Is the plaintiff under the stipulation and orders entitled to the sum of Two thousand and sixty-two dollars and fifty cents ($2,062.50), the amount of ground rent due August 1, 1908, and interest; the sum of Four hundred and three dollars and twenty cents ($403.20), being the amount of insurance, and interest thereon, and the sum of One hundred and ninety-three dollars and sixty-eight cents ($193.68), being the amount of the water rates against the premises number 4 East 14th Street, or either or any of said sums ? "

The dispute in this case arises from the fact that the decision of this court as affected by the stipulation given by the plaintiff decided one part of the controversy in favor of

the plaintiff and another in favor of the defendant. Under the stipulation of the parties the fund was to abide the event of the action, and the question is what was the event of the action under our decision? The learned judge who wrote for the Appellate Division on the appeal from the plaintiff's application, held that the event of the action was in favor of the defendant because he was discharged from personal liability, and it is on that ground that the decisions below have proceeded. We entertain a contrary view. There were two separate issues in the action, two distinctly severable parts of the judgment founded on the decision of those issues, and two separate events which might occur on the final determination of the action. One object of the action was to foreclose the mortgage, and by that foreclosure have the proceeds of a sale of the mortgaged property applied towards the payment of the plaintiff's claim. The other was to charge the defendant with any deficiency on the ground that he was personally liable for the mortgage debt. It must be borne in mind that the right to obtain a deficiency judgment in an action to foreclose a mortgage rests entirely on our statutory provisions. (2 R. S. p. 191, §§ 151 to 154; Code Civ. Pro. § 1627.) Before the enactment of those statutes, a mortgagee to collect a deficiency was compelled to resort to an action at law after the sale under a decree in equity. This course may still be pursued, though leave of the court is necessary for the institution of the second action. In the present case the defendant controverted both the liability of his property to be sold in satisfaction of the plaintiff's claim and also his personal liability. The event on one issue has been in his favor; on the other, adverse. Therefore, to determine which event controls the disposition of the fund under the stipulation of the parties, we must see under which issue the rents of the mortgaged property were deposited in the fund created. It is doubtless true that the owner of the equity of redemption remains the owner until his title has been divested by a sale under the decree. But this principle is subject to the qualification that a court of equity may, where the security is

3

inadequate, impound by a receivership the rents and profits of the mortgaged premises pending the litigation, and that by such action the plaintiff acquires a lien on those rents and is entitled to have them applied in satisfaction of his mortgage. (*Hollenbeck* v. *Donnell*, 94 N. Y. 342; *Bank of Ogdensburgh* v. *Arnold*, 5 Paige, 38; *Lofsky* v. *Maujer*, 3 Sandf. Ch. 69.) It is the inadequacy of the security, not the personal liability of the owner of the equity of redemption, nor that of any other party to the action, that authorizes the court to impound the rents. The first stipulation recites the motion for the appointment of a receiver and consents to withdraw the motion. It is apparent that the impounding of the rents by their deposit to the joint credit of the plaintiff's attorney and the defendant was a mere substitute for a receivership. Therefore, the event on which the application of those rents depended was the determination of the validity of the plaintiff's mortgage and its right to have the mortgaged premises sold under foreclosure. That event has been determined in the plaintiff's favor and it is entitled to so much of the fund as may be requisite to pay its claims. The contention of the defendant that the denial of the plaintiff's motion is conclusive on the right of the defendant to the fund is not well founded. (*Riggs* v. *Pursell*, 74 N. Y. 370.) On that motion there was no award of the fund to the defendant. The plaintiff might have obtained leave to renew its motion and, though that leave has not been granted in express terms, the fact that the Appellate Division has certified the case to this court on its merits is the equivalent of leave.

The order of the Special Term and so much of the order of the Appellate Division as directs payment of a surplus of the fund over and above taxes and ground rent to the defendant should be reversed and his application denied, with costs to the plaintiff. The first and third questions should be answered in the negative; the second and fourth in the affirmative.

HAIGHT, VANN, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Ordered accordingly.