### In re FALSONE.

#### (District Court, S. D. Florida. October 29, 1917.)

1. MORTGAGES ⬥559(9)—FORECLOSURE—DEFICIENCY JUDGMENT.
    Under Florida Rules of Practice, rule 89, which has the force of a statute, the courts of that state have power to enter deficiency decrees upon the foreclosure of mortgages and those decrees are personal judgments upon which execution may issue.
2. JUDGMENT ⬥828(3)—DECREE OF STATE COURT—ATTACK BY TRUSTEE.
    Where, on proceedings commenced after bankruptcy and to which the trustee was made the party, mortgages on the property of the bankrupt were foreclosed by the state court and deficiency decrees rendered, the trustee cannot attack the deficiency decrees on the ground that the property, which was bought in by the mortgagee, was sold for a mere nominal consideration; a judgment of a court of competent jurisdiction being subject to attack by a trustee in bankruptcy only for fraud or collusion, and the trustee, while charging inadequacy of consideration, making no charge of fraud or collusion.

In Bankruptcy. In the matter of the bankruptcy of J. A. Falsone. Petition by trustee to have the value of property sold and bought in by the Evansville Brewing Association, a mortgage creditor, applied to the amounts fixed in deficiency decrees. Proceeding to review the order of the referee granting the trustee's petition. Order reversed.

McKay, Withers & Phipps, of Tampa, Fla., for Evansville Brewing Ass'n.

George P. Raney, of Tampa, Fla., for trustee in bankruptcy.

CALL, District Judge. The Evansville Brewing Association is a creditor of the bankrupt, having held a mortgage to itself and two other mortgages acquired from others covering real estate of said bankrupt. These mortgages were foreclosed, and the property covered by them purchased by it, without competition, at the foreclosure sales, for some $2,000, which the trustee claims is merely nominal. After the master reported the sales to the state court, such sales were confirmed, and deficiency decrees amounting to over $38,000 entered against the bankrupt, after crediting the amounts bid on the decrees. The trustee seeks by his petition to the referee to have the value of the property sold under foreclosure proceedings and bought by the creditor at such

sale applied to the amounts decreed in these deficiency decrees, and a reduction pro tanto of such amounts. The referee, by his order of October 12, 1917, required the values of such property to be ascertained and so applied. It is this order which is brought before me for review.

The foreclosure proceedings were commenced after bankruptcy, and the trustee was duly made a party to such proceeding in the state court. The attorneys for the creditor claim that the order of the referee is erroneous, because the proof of claim submitted to the referee for allowance is a judgment of a court of competent jurisdiction and entitled to full faith and credit in the bankruptcy court, and therefore the referee erred in ordering the value of the property to be ascertained. and amount of such value applied to the reduction of the deficiency decree.

[1] The state court, under rule 89 of Rules of Practice, prescribed by the Supreme Court of Florida, which rules have the force and effect of a statute, have the power to enter deficiency decrees upon the foreclosure of mortgages, and these decrees are personal judgments for the payment of money upon which execution may issue. Scott v. Russ, 21 Fla. 260.

[2] Mr. Collier, in his work on Bankruptcy, at page 861 (10th Edition), says that it seems that the law in the United States is that a judgment of a court of competent jurisdiction, regular in all respects, can be attacked by a trustee or creditor only for fraud or collusion. The cases of Winter's Appeal, 174 Fed. 556, 98 C. C. A. 338, and In re Dix (D. C.) 176 Fed. 582, were statutory foreclosures in which no deficiency decrees had been entered, and consequently no personal judgments against the bankrupt entered. The case of Hassall v. Wilcox, 130 U. S. 493, 9 Sup. Ct. 590, 32 L. Ed. 1001, is so different in its facts as to make the principle there decided inapplicable to the present case.

In the instant case the trustee was a party defendant, and no attack is made upon the regularity of the proceedings; but the consideration for which the mortgaged property was bid in by the creditor is claimed to have been grossly inadequate. No charge of fraud or collusion is made. Has the court of bankruptcy any power to go behind the face of the judgment, and reduce it by the true value of the mortgaged property obtained by the creditor at the public sale under the foreclosure proceedings? If the judgment is binding upon the parties and the creditors, and full faith and credit be accorded it, then the bankruptcy court is without this power.

For these reasons I am of opinion that the referee erred in his order providing for the ascertainment of the value of the mortgaged property and a reduction pro tanto of the creditors' claim.

The petition to revise will be granted.