## In re KENWOOD STORAGE & WAREHOUSE CORPORATION.

### No. 17195.

District Court, E. D. New York.

Jan. 15, 1930.

Samuel C. Duberstein, of Brooklyn, N. Y., for trustee.

Lynn G. Goodnough, of Brooklyn, N. Y., for petitioners.

BYERS, District Judge.

In effect, this is a motion to confirm a referee's report expunging and disallowing a consolidated claim filed by New York Investors, Inc., and Brooklyn Trust Company as trustee, etc., against the above named bankrupt. In form, it is a motion to deny a petition to review the decision made by the referee.

On December 26, 1928, the claimants, holding together a $250,000.00 first mortgage covering the land and building occupied and used by the bankrupt in conducting a storage warehouse, began an action in the Supreme Court, state of New York, to foreclose a $50,000.00 junior participating interest in that mortgage.

On January 21, 1929, an involuntary petition in bankruptcy was filed against the mortgagor and, on the same day, a receiver was appointed; adjudication ensued on February 7, 1929, and, on March 8, 1929, a trustee was elected.

The trustee was not made a party to the foreclosure action.

On March 13, 1929, judgment of foreclosure and sale was entered in the said action, and sale at public auction in the conventional manner ensued on April 8, 1929. At that sale, a person acting for and on behalf of the mortgagees bought the property for $20,000.00, and, on April 10, 1929, a deficiency judgment was entered in the sum of $48,497.62, and a proof of claim in that behalf was filed on April 26, 1929.

Thereafter, by appropriate proceeding, the claim was objected to, and testimony respecting the entire subject was taken, with the result that the claim was disallowed. The evidence showed that, pursuant to contract dated July 3, 1929, the building and premises so purchased in foreclosure were sold by the claimants to a third party, for $302,275.00, which included the business then in bankruptcy, as "a going concern."

The referee has found that, under the circumstances, the trustee was not concluded by the deficiency judgment, and that it was competent for him to show that the junior interest in the mortgage was worth $50,000.00, and, hence, that the claim should be disallowed.

The deficiency judgment was in personam upon the bond as collateral security for which the mortgage was given, and, within the rule of decision in the case of Rhodes v. Elliston (C. C. A.) 29 F.(2d) 737, such a judgment was not binding upon the trustee, because he was not made a party to the action in which it was rendered.

In that important particular, this case is to be distinguished from In re Falsone (D. C.) 247 F. 607.

The claimants distinguish the instant case from Matter of Soltmann (D. C.) 238 F. 241, and Id. (C. C. A.) 249 F. 455, on the ground that it there appeared that the foreclosure action was started after the filing of the petition in bankruptcy.

Having in mind the nature of the claim based upon the deficiency judgment as heretofore stated, it is believed that this is a distinction without a difference.

As to the sufficiency of the proof taken before the referee on the question of the value of the mortgage, it is significant that the claimants made no effort (a) to establish that there was any substantial difference in the value of the land and buildings in question on July 3, 1929, as compared with April 8, 1929; (b) to allocate to the difference between the price at which the premises were purchased at auction by the agent of the claimant on April 8, 1929, and the selling price of July 3, 1929, a definite figure for the value of the "going business" and the balance to profit on the transaction.

The evidence of value was shown very largely from the records and testimony of the claimants, and has been deemed sufficient by the referee to support his conclusion, and a careful consideration thereof in this court has not resulted differently.

The petition to review the order of the referee is denied.