NEW YORK LIFE INSURANCE COMPANY, Appellant, *v.* H. & J. GUTTAG CORPORATION et al., Respondents, Impleaded with Another.

(Argued October 3, 1934; decided October 16, 1934.)

*William F. Columbus* and *Harry H. Bottome* for appellant.

*David Vorhaus, Louis J. Vorhaus* and *Joseph Fischer* for respondents.

POUND, Ch. J. Chapter 794, Laws of 1933, declares that a temporary emergency exists which requires legislative action relative to deficiency judgments in mortgage foreclosures and places a limitation thereon effective now by extension (L. 1934, ch. 277) until July 1, 1935. With this purpose in view the Legislature enacted section 1083-a of the Civil Practice Act which reads in part as follows:

" § 1083-a. *Limitation upon deficiency judgments during emergency period.* No judgment shall be granted for any residue of the debt remaining unsatisfied as prescribed by the preceding section *where the mortgaged property shall be sold during the emergency*, except as herein provided. Simultaneously with the making of a motion for an order confirming the sale or within ninety days after the date of the *consummation of the sale by delivery of the proper deed of conveyance to the purchaser*, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action. Such notice shall be served personally or in such other manner as the court may direct. Upon such motion the court, whether or not the respondent appears, shall determine *upon affidavit or otherwise* as it shall direct, the fair and reasonable market value of the mortgaged premises as of the date *such premises were bid in at auction* or such nearest earlier date as there shall have been any market value

thereof and shall make an order directing the entry of a deficiency judgment. Such deficiency judgment shall be for an amount equal to the sum of the amount owing by the party liable as determined by the judgment with interest, plus the amount owing on all prior liens and encumbrances with interest, plus costs and disbursements of the action including the referee's fee and disbursements, less the market value as determined by the court or the sale price of the property whichever shall be the higher. If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist. * * * "

Application for a deficiency judgment was made under this section by the plaintiff. The motion was opposed. The affidavits as to value were conflicting. The property had been bid in for $180,000. Plaintiff's appraisers valued the property at $165,000 or thereabouts. Defendants' appraisers fix the value of the property at $250,000 or thereabouts.

If plaintiff's values are correct, the unpaid residue of the plaintiff's mortgage debt is $46,405.33, for which the plaintiff would, under normal conditions, have a deficiency judgment. During the emergency he may not have such deficiency judgment unless the property sells at substantially its fair and reasonable market value. No longer may the plaintiff in a foreclosure action bid in the property at a nominal sum when the depression in the real estate market has absorbed the owner's once substantial equity therein.

We have, perhaps unnecessarily, said of section 1083-a " that such legislation, reasonably seeking only temporary relief, is not unconstitutional," even though applied to foreclosure actions instituted prior to the date of the emergency legislation. (*Klinke* v. *Samuels*, 264 N. Y. 144, 149.) True the decision in the case directly involved

only section 1083-b of the Civil Practice Act, but section 1083-a was quoted without any suggestion of a distinction on constitutional grounds. The right to a deficiency judgment is the creation of statute (*Rutherfurd Realty Co.* v. *Cook*, 198 N. Y. 29, 33), but when it exists at the time that a mortgage is executed it may well be urged that it is a part of the contract which may not be impaired by subsequent legislation. Emergencies, however, awake legislative powers that sleep in normal times. (*Matter of People* [*Title & Mtge. Guarantee Co.*], 264 N. Y. 69.) In the absence of a direct attack on section 1083-a we shall consider the question before us as being the question certified which involves construction rather than constitutionality.

We fully concur with the views expressed by the dissenting justices below that where there is a sharp issue as to the value and where the affidavits are at variance, a proper application of the section requires a trial of the issues correctly to determine the true value of the property.

If the right to a deficiency judgment is constitutionally limited, constitutional requirements as to the rights remaining should be sedulously protected. Although truth may be found even in an affidavit, we know that affidavits often are couched in the language of their composer rather than in that of the affiant and are an unsatisfactory substitute for confrontation and cross-examination of witnesses. In so important a matter the witness should be produced before the court, subject to observation and cross-examination. A summary judgment may not be granted where a triable issue is revealed. A deficiency judgment where a triable question of fact is tendered no less jeopardizes the rights of the parties if such trial is refused.

The language of the section, " upon affidavit *or otherwise*," plainly suggests the legislative intent that a substantial question of fact should not be disposed of on affidavits. The judge may order such a hearing in his

discretion but should not the hearing be ordered as a matter of right? The constitutional right of trial by jury is not involved, but we think that a trial before the court is alone consistent with that due process of law which depends not so much upon the quality of the act in the abstract as upon its proper relation to those constitutional limitations which exist alike in peace and in war and in periods of storm and calm, and which should not be construed as meaningless. It is perfectly reasonable to construe this section as preserving the right of trial of substantial issues. We prefer the construction which calls for a hearing before a final decision of the cause.

When the legislative mandate requires a cause in court to be decided against a party who has had no opportunity to produce his evidence, we may find it necessary to hold that such judicial process is not that due process of law which stands like a rock to protect private rights from invasion by unlimited legislative power.

The order appealed from should be reversed, with costs in all courts, and the case remitted to the Special Term to try the issues of value, either before the court or a referee. The question certified should be answered in the affirmative.

CRANE, LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Ordered accordingly.