## In re GANET REALTY CORPORATION.

District Court, S. D. New York.
Jan. 11, 1935.

David W. Kahn, of New York City, for trustee.

Tanner, Sillcocks & Friend, of New York City (Rulif V. De Nyse and Henry J. Sillcocks, both of New York City, of counsel), for claimant.

PATTERSON, District Judge.

The Metropolitan Life Insurance Company filed proof of claim based on two judgments against the bankrupt for deficiency on mortgage foreclosure. The trustee moved to expunge the claim. The motion was denied by the referee, whereupon the trustee brought the matter here for review.

The petition in bankruptcy was filed on May 24, 1933, and adjudication followed on June 12, 1933. Prior to bankruptcy. the Metropolitan Life Insurance Company as holder of a mortgage on real estate in Bronx county owned by the bankrupt had commenced a foreclosure suit in the New York Supreme Court. The bond and mortgage were for $270,875. Final judgment of foreclosure and sale was entered on March 23, 1933. The sale took place on May 4, 1933. The mortgagee bid the property in at $200,-000, and on May 12, 1933, deficiency judgment against the bankrupt in the amount of $103,844.98 was docketed pursuant to the New York practice then prevailing. It will be noted that all these steps in the proceeding antedated bankruptcy. The first branch of the claim filed by the Metropolitan against the bankrupt estate is for this deficiency judgment of $103,844.98.

The Metropolitan also held a bond of $500,000 executed by the bankrupt and se-

cured by mortgage on real estate in New York county. A foreclosure suit was brought before bankruptcy, and final judgment of foreclosure and sale was entered on April 18, 1933. Sale was held on May 24, 1933, at noon; the mortgagee bidding in the premises for $400,000. The bankruptcy petition was filed three hours later. The total deficiency was $183,260.22, for which amount judgment was docketed against the bankrupt on July 25, 1933. The second branch of the claim filed by the Metropolitan is for this deficiency.

The trustee moved to have the claim expunged on the ground that in each of these two instances the fair value of the mortgaged premises exceeded the amount of the debt, that the claimant's bid was for less than the fair value, and that the trustee was not made a party to the proceeding. It is asserted that on a realistic view of the case there was no deficiency as to either mortgage. The validity of the mortgages and the regularity of the foreclosures are not questioned.

 In New York a mortgage is viewed as a lien on real estate serving as collateral security to the bond or other personal obligation. In early days the chancellor in suit to foreclose a mortgage had no jurisdiction to render personal judgment against the mortgagor on his bond or covenant to pay the mortgage debt. Such a judgment could be obtained only in an action at law. See Rutherfurd Realty Co. v. Cook, 198 N. Y. 29, 33, 90 N. E. 1112. The rule was changed by the Revised Statutes of 1828 (2 Rev. St. [1st Ed.] pt. 3, c. 1, tit. 2, § 151 et seq.), whereby it was provided that a personal judgment against the mortgagor might be ordered for the balance of the mortgage debt remaining unsatisfied after sale of the premises. Since that time a foreclosure suit in New York is ordinarily both in rem and in personam—in rem for the purpose of realizing on the lien, in personam to obtain personal judgment for any deficiency against the mortgagor and others individually liable for the debt. The judgment of foreclosure and sale usually contains a provision for such deficiency judgment and execution. In the event that the sale does not realize enough to cover the debt, deficiency judgment is afterwards docketed against those personally liable. Prior to August, 1933, at which time the New York Legislature passed an act limiting in certain respects the mortgagee's right to deficiency judgment, the amount of the deficiency judgment was automatically the difference between the debt and the amount ac-

tually realized out of the sale. Feiber Realty Corporation v. Abel, 265 N. Y. 94, 191 N. E. 847. A succession of statutes, the latest of which was section 1083 of the Civil Practice Act, expressly so provided, and it was well understood in New York that estimates of witnesses or other evidence of fair value of the mortgaged property could not be received. "The deficiency was to be ascertained by a sale of the mortgaged premises, and not by the estimates of witnesses, or other less satisfactory evidence." Frank v. Davis, 135 N. Y. 275, 279, 31 N. E. 1100, 1101, 17 L. R. A. 306. See, also, Schultz v. Mead, 55 Hun, 611, 8 N. Y. S. 663, 29 N. Y. St. Rep. 203, affirmed 128 N. Y. 680, 29 N. E. 149.

 It follows that these two deficiency judgments were claims provable and allowable against the bankrupt estate at their face amount. In the case of the Bronx mortgage, the foreclosure had been wound up and deficiency judgment entered before bankruptcy. The deficiency judgment was a debt absolutely owing by the bankrupt when bankruptcy occurred, enforceable against the bankrupt like any other judgment. It is idle to discuss the case as if the claimant were a secured creditor, for at the time of bankruptcy the claimant held no security. The real estate was not security; it was then owned by the claimant outright, and the bankrupt had no interest in it.

On the deficiency judgment in the foreclosure of the New York property, the situation was for practical purposes the same. The judgment of foreclosure and sale had been entered prior to the bankruptcy. The sale was held on the very day the bankruptcy petition was filed, the sale preceding the filing of the petition by several hours. The docketing of deficiency judgment came after bankruptcy, it is true, but under the New York law then prevalent "the docket of the deficiency by the clerk is merely a clerical act." Morris v. Morange, 38 N. Y. 172, 173. See, also, Feiber Realty Corporation v. Abel, supra. At the time when the petition was filed, the bankrupt's equity of redemption had been extinguished. The right to redeem expires when the premises are sold under judgment of foreclosure. Tuthill v. Tracy, 31 N. Y. 157, 160. The mortgagee had become outright owner of the real estate. The bankrupt owed the sum of $183,260.22 on its bond, for which there was no security.

As to both deficiencies, therefore, the case falls within section 63 of the Bankruptcy Act (11 USCA § 103): "Debts of the bankrupt may be proved and allowed against his es-

248

tate which are (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not. * * * "

There are cases where on proof of claim by a mortgagee for deficiency the trustee in bankruptcy has been permitted to show the actual value of the mortgaged property. Those cases have no application here. One group comprises cases where the foreclosure suit either was commenced after bankruptcy of the mortgagor, or, if commenced before, had not proceeded as far as judgment of foreclosure and sale when bankruptcy intervened, and where the trustee was not made a party to the foreclosure suit. In re Soltmann, 249 F. 455 (C. C. A. 2); In re Kenwood Storage & Warehouse Corporation, 4 F. Supp. 561 (D. C. E. D. N. Y.). In those cases the claim was obviously still a secured one at the time of bankruptcy, the case was controlled by section 57h of the Bankruptcy Act (11 USCA § 93 (h), relative to allowance of secured claims, and the only question was whether the foreclosure amounted to a valuation of the security by "litigation" within the meaning of section 57 (h), so as to make the deficiency judgment against the bankrupt conclusive against the trustee for purposes of dividends. The court held that it was not conclusive, since the trustee had not been made a party to the suit. Such cases plainly have no bearing in a situation where the foreclosure suit had gone to judgment and sale before bankruptcy and where the mortgagee's claim for the unpaid balance was wholly unsecured when the bankruptcy petition was filed.

The other group consists of cases of foreclosure under the law of states where deficiency judgments in a foreclosure suit are unknown and where the mortgagor on later suit against him to collect the unpaid balance is permitted to prove that the actual value of the property exceeded the amount that it brought on foreclosure sale. In re Davis, 174 F. 556 (C. C. A. 3); In re Dix, 176 F. 582 (D. C. Pa.); In re McAusland, 235 F. 173 (D. C. N. J.). These authorities are of no value here, the deficiency judgments in this case having a status altogether different. See In re Falsone, 247 F. 607 (D. C. Fla.).

The referee was right in holding that the deficiency judgments against the bankrupt were provable for their full amount and in refusing to take evidence of the fair value of the mortgaged premises. His order denying the trustee's motion to expunge will be affirmed.