In the Matter of the Liquidation of NEW YORK TITLE AND MORTGAGE COMPANY.

(Matter of First Preliminary Report.) *

Supreme Court, Additional Special Term, New York County, December 7, 1936.

* See 161 Misc. 568.

*Barber, Fackenthal & Giddings,* for William P. Clark, for the motion.

*William A. Shea* [*Harry Rodwin* and *Jess H. Rosenberg* of counsel], for the Superintendent of Insurance of the State of New York, as liquidator of the New York Title and Mortgage Company.

*Benjamin J. Rabin* [*Michael F. Dee* and *Morris Amchanitzky* of counsel], for the Mortgage Commission of the State of New York

*Wagner, Quillinan & Rifkind* [*Simon H. Rifkind* of counsel], for the trustees of series F-1, series F and series C.

*Davies, Auerbach & Cornell* [*Martin A. Schenck* and *Ralph C. Williams, Jr.,* of counsel], for the Irving Trust Company, as trustee, a claimant.

*Abraham N. Geller* [*Abraham N. Geller* and *Robert B. Block* of counsel], for the Continental Bank & Trust Company, trustee of series N-83 and N-108, and others.

*Thomas Keogh,* for the trustees of series Q.

*Kramer & Kleinfeld* [*Barnet Kaprow* of counsel], for the trustees of series B-K.

*Raphael H. Weissman,* for the Golden Hill Building Corporation, stockholder.

FRANKENTHALER, J.  This is a motion by William P. Clark, a stockholder of New York Title and Mortgage Company, (1) for " a hearing  *  *  *  in open court of the issues raised  *  *  * by the 1st Preliminary Report and Petition of the Superintendent of Insurance,  verified December 31st, 1935, and by the various objections to such report which were filed herein on behalf of " said Clark; (2) for a direction that the Superintendent produce at such hearing the appraisers who appraised the mortgages referred to in said report, for the purpose of enabling the movant to cross-examine them; and (3) for permission " to introduce additional testimony, particularly as to the appraised value of said mortgages."

A motion by the Superintendent of Insurance for an order " approving and confirming the allowance or disallowance of claims contained in " his first preliminary report and petition was made in January of this year and came on for hearing during the month of February.  Prior to the return day Clark, the present applicant filed a paper in which he objected to the report on various grounds, among them the following:

" 6. There is hereby put in issue each and every fact set forth in said petition and accompanying papers, particularly as to the appraised values of the mortgages and properties involved.

" 7. The right is reserved to interpose any affirmative matter constituting complete or partial defenses to any of said claims."

Although the notice of motion specifically stated that " objections to said report of the Superintendent of Insurance should be in writing, *verified under oath* " (italics the court's), and that " the objectors should state the grounds on which objections are made and the *facts* constituting the claim of the objector " (italics the court's), the paper filed by Clark was *unverified* and contained *no facts whatsoever*. No affidavits were submitted by Clark, either in support of his contention that the appraisals in the Superintendent's report were erroneous, or for any other purpose. After the hearing of the motion and the submission of briefs the court handed down an opinion in which it indicated that it would have granted the motion to confirm upon the papers before it, were it not for (1) the failure of the report to touch upon the financial condition of the obligors of the bonds secured by the mortgages, and (2) the erroneous method of valuing undivided interests in mortgages employed in the report. The motion to confirm was accordingly held in abeyance pending the submission of a supplemental report covering these two subjects.

Some of the objections originally filed by Clark were expressly discussed and overruled in the opinion, for example, his claim that the title company's liability upon its guaranties had terminated. The objection that the report failed to disclose the financial condition of the makers of the bonds and mortgages was expressly upheld. All the remaining objections were considered to lack sufficient merit to warrant express reference to them in the opinion.

The questions raised by the present motion are of the latter character. The request for an oral hearing and an opportunity to cross-examine the Superintendent's appraisers and introduce testimony was made at the hearing of the motion to confirm. The applicant was not entitled to this relief. Despite the fact that the notice of motion had specifically apprised him of the necessity of submitting " *verified* " objections, containing the " *facts* " constituting his claim, he contented himself with filing *unverified* objections, utterly devoid of *facts*. The report contained affidavits of appraisers evaluating the mortgages held by the claimants whose claims were the subject of the report. The correctness of these appraisals could not be properly put in issue by a bare statement to that effect by the objector or his attorney. In order to raise

an issue it was incumbent upon the objector to present affidavits of qualified persons fixing valuations different from those of the Superintendent's appraisers. Had such affidavits been filed and had they created issues which could not be satisfactorily determined from the conflicting affidavits the court might have directed an oral hearing with the opportunity of cross-examining witnesses and introducing affirmative testimony. (See *New York Life Ins. Co.* v. *Guttag Corp.*, 265 N. Y. 292.) In the absence, however, of any affidavit controverting the valuations fixed by the Superintendent's appraisers, there is no necessity or justification for directing an oral hearing, with the expense and loss of time involved, if there is, in reality, no issue to be heard. In *New York Life Ins. Co.* v. *Guttag Corp.* (*supra*) the certified question answered affirmatively by the Court of Appeals read as follows (p. 293): "*If the affidavits as to the value of the foreclosed property are irreconcilably contradictory* under section 1083-a of the Civil Practice Act, should there be a trial of the issues to correctly determine the true value of the property?" (Italics mine.)

The court based its holding that a trial of the issue of value was necessary upon the fact that "there is a sharp issue as to the value and * * * the affidavits are at variance" (p. 296). Clearly something more than the naked and unsworn assertion that "there is hereby put in issue each and every fact set forth in said petition" is necessary to warrant the granting of the request for an oral hearing or trial. The objector had ample opportunity to submit affidavits on the question of value but chose not to do so. To this very day he has not presented any statement, sworn or unsworn, which even tends to indicate that the valuations fixed by the Superintendent's appraisers are erroneous. Under these circumstances a proper exercise of the court's discretion requires a denial of the present application. The motion is denied.