## In re ROCHESTER PAD & WRAPPER CO.
### No. 23688.

District Court, W. D. New York.
July 23, 1937.

296

Edward L. Cleary, of Rochester, N. Y., for trustee.

Mann, Strang, Bodiné & Wright, of Rochester, N. Y., for claimant.

KNIGHT, District Judge.

On February 28, 1927, the Rochester Pad & Wrapper Company executed to the Rochester Trust & Safe Deposit Company a mortgage on certain real property as continuing collateral security in the principal sum of $25,000 for payment of any indebtedness then owing or thereafter to be incurred. On March 20, 1935, the Rochester Pad & Wrapper Company executed and delivered to said bank its promissory note for $22,100. On May 22, 1935, it executed and delivered to said bank its promissory note in the sum of $500, and on June 1, 1935, it executed its note to said bank in the sum of $820. On July 25, 1935, the Rochester Pad & Wrapper Company was adjudicated a bankrupt. On September 11, 1935, the Rochester Trust & Safe Deposit Company filed its proof of debt as a secured creditor in the bankruptcy proceedings in the sum of $23,420, plus interest on the notes aforesaid. On November 4, 1935, an order was granted by the District Court of the United States permitting the mortgagee to join the trustee in bankruptcy as a party defendant in an action to foreclose the mortgage aforesaid, and the trustee waived notice of the application for such order. The trustee was made party defendant and served with a copy of the complaint in said action. An order confirming the report of the referee and the sale therein was granted on January 17,

1936. The mortgagee bid in the property at $10,000 and the amount of deficiency as set forth in the referee's report was $14,905.29. At an adjourned meeting of the bankruptcy proceedings on March 17, 1936, the claimant bank offered to accept the appraisal of appraisers appointed by the referee in bankruptcy of said real estate, less the amount of the tax and assessment liens on the mortgaged property at the time of foreclosure sale. The appraisal was made in the bankruptcy proceedings at $20,652.50. The claimants further at such hearing offered "to produce, if necessary, proof of value, it being agreed that the bid price at the sale did not actually represent the true value. * * *" The trustee herein has filed objections to the allowance of any claim of the bankrupt upon these grounds: "(1) that the claimant has filed a secured claim without proving the value of its security in the Bankruptcy Court and without such proof, the claim is not allowable; and (2) that the claimant, by starting a foreclosure action and thus electing to determine the value of its security by litigation in the State Court, and having made the Trustee in Bankruptcy a party defendant, and having obtained no deficiency judgment in the foreclosure action, and having failed to prove its claim in the Bankruptcy Court within the sixty days provided by section 56n of the Bankruptcy Act [section 57n, as amended, 11 U.S.C.A. § 93 (n)] has waived its right to share in any distribution in this proceeding." The referee sustained the objections of the trustee and directed the entry of an order expunging the claim. Application is now made to review the action of the referee.

Section 57a, Bankr.Act (11 U.S.C.A. § 93 (a), sets out the matter which constitutes the proof of a claim. Section 57h (11 U.S.C.A. § 93 (h) provides for valuation of securities by converting the securities "into money according to the terms of the agreement pursuant to which such securities were delivered to such creditors * * * or * * * by agreement, arbitration, compromise, or litigation, as the court may direct."

The intendment is to provide for two methods of valuing the securities. First, by converting according to the terms of the agreement, and, second, under the direction of the court by agreement entered into between the creditors and the trustee, by arbitration, compromise, or litigation. His-

cock v. Varick Bank of N. Y., 206 U.S. 28, 40, 27 S.Ct. 681, 51 L.Ed. 945.

Section 57n, as amended (11 U.S.C.A. § 93 (n), provides that claims shall be proved against the bankrupt's estate within six months after the adjudication, except where they are liquidated by litigation, in which case they may be proved within sixty days after rendition of judgment.

Section 57a permits the proving of a secured claim such as the one here. Matter of F. & W. Grand Properties Corp. (C.C.A.) 74 F.(2d) 224, 28 A.B.R.(N.S). p. 8. The claim herein was proved within the six months after adjudication. The limitation period provided in section 57n as to claims liquidated by litigation has no application.

No conflict with this view is seen in the cases cited by the trustee. In the case In re Soltmann (D.C.) 238 F. 241, 38 A.B.R. 270, the question presented was as to whether a deficiency judgment in a foreclosure in which the trustee in bankruptcy was not a party is evidence of the amount of the secured claim. In the case In re Falsone (D.C.) 247 F. 607, 40 A.B.R. 409, it was held that a deficiency judgment, in a foreclosure to which the trustee in bankruptcy was a party, is entitled to full faith and credit in the bankruptcy court. In the Matter of Benevolent and Protective Order of Elks (D.C.) 9 F.Supp. 883, 27 A.B.R.(N. S.) 462, the question was whether a deficiency judgment entered after the filing of the petition in bankruptcy was a fixed liability at the time of the filing of the petition. In the Matter of Ganet Realty Co. (D.C.) 9 F.Supp. 246, 27 A.B.R.(N.S.) 260, the question presented was whether a deficiency judgment entered prior to the filing of the petition in bankruptcy and before August, 1933, was provable in New York against the estate of a mortgagor.

The assets of the bankrupt's estate were sold. The trustee made no claim to any equity in the mortgaged realty. There, therefore, was a virtual abandonment of the realty by the trustee. The claimant followed one of the methods provided by law for valuing its security. The method he pursued was by converting his security according to the terms of the agreement.

Once a claim has been proved within the six-month period no time is fixed by statute for the liquidation of any security.

One purpose of the Bankruptcy Act (11 U.S.C.A.) is to provide that the estate in bankruptcy be settled with reasonable expedition. A reasonable time should be allowed for the liquidation of the security. What constitutes a reasonable time must be considered in the light of the circumstances. No distribution could be made in the estate prior to the expiration of six months from the adjudication, but that period expired January 25, 1936. Before any distribution of an estate had been made, the claimant appeared in court and offered to have its security valued and this offer was refused. Assuming the claimant comes within the exception in section 57n, supra, it offered to prove its claim within "sixty days after the rendition of such judgment"; that is, within sixty days after final confirmation of the report of sale. The trustee's first objection is, therefore, insufficient.

It is the claim of the trustee that by proceeding in the foreclosure suit the claimant elected to determine the value of its security by litigation and by reason of its failure to obtain any deficiency judgment had lost its opportunity to value such security. It does not seem to me that this position is tenable.

Chapter 794 of the Laws of 1933 of New York, Ex.Sess. (Civil Practice Act, § 1083-a), as amended, being part of the act commonly known as the moratorium statute, limits the time for application for a deficiency judgment in foreclosure to ninety days after the consummation of the sale. Claimant in its complaint did not assert any right to any deficiency upon the sale and did not at any time apply under the provisions of section 1083-a, supra, for a deficiency judgment.

As has been pointed out, the claimant had the right to foreclose under the terms of the mortgage. By this procedure it made possible the valuation of its claim over and above its security. It merely followed this procedure for this purpose. The moratorium statute was enacted for the benefit of a responsible debtor unable to meet his debts as they become due. This is not the situation of the debtor here. It has petitioned in bankruptcy alleging its insolvency. Here the debtor is not benefited. He brings all his property into court to be applied in payment of his debts. We are dealing here with the Bankruptcy Act and this court follows the federal statutes in case of conflict or inconsistency between them and the state statutes. Section 1083-a, supra, should be con-

strued as not intended to limit the right of a claimant to show in the bankruptcy court the value of his claim over and above the value of his security.

It is contended further that the moratorium statute of the state of New York is unconstitutional, and the case of Home Bldg. & Loan Ass'n v. Balisdell, 290 U.S. 398, 54 S.Ct. 231, 78 L.Ed. 413, 88 A.L.R. 1481, holding the Minnesota Moratorium Act constitutional is sought to be distinguished in that by the Minnesota statute the remedy of enforcement is withheld temporarily and by the New York statute it is withheld permanently under certain conditions. To support this view the defendant cites W. B. Worthem Co. v. Thomas, 292 U.S. 426, 54 S.Ct. 816, 78 L.Ed. 1344, 93 A.L.R. 173, Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106, and W. B. Worthem Co. ex rel. Board of Com'rs v. Kavanagh, 295 U.S. 56, 55 S. Ct. 555, 79 L.Ed. 1298, 97 A.L.R. 905. The New York moratorium statute has been held to be constitutional in numerous cases in the courts of New York state, among which are Klinke v. Samuels, 264 N.Y. 144, 190 N.E. 324; Feiber Realty Co. v. Abel, 265 N.Y. 94, 191 N.E. 847; New York Life Ins. v. H. & J. Guttag Corp., 265 N.Y. 292, 192 N.E. 481; Decker v. Dutcher, 247 App.Div. 689, 289 N.Y.S. 553; Farmers' & Mechanics' Savings Bank v. Eagle Bldg. Co., 153 Misc. 554, 276 N.Y.S. 246.

The language of the opinion in Prudence Co., Inc. (D.C.) 16 F.Supp. 282, in which sections 1077-a and 1077-b, Civil Practice Act New York (moratorium statute), were considered, supports the New York cases. It is not necessary here to pass upon the constitutionality of section 1083-a, supra, but it seems that the court should at this time follow the decisions of the highest court of the state of New York.

In the instant case it appears that the mortgage was dated in 1927, and the outstanding notes secured by the mortgage were executed in 1935. It is the claim of the claimant that these notes would not come within the provisions of the moratorium act, since such act in force in 1935 provided that the "act shall not apply to mortgages dated on or after July first, nineteen hundred thirty-two, or to any bond * * * or writing concerning or delivered in connection with any indebtedness secured by a mortgage dated on or after July first, nineteen hundred thirty-

two." Laws N.Y.1933, Ex.Sess., c. 794, § 4. It does not seem that this contention can be successfully maintained. The section makes an exception only of mortgages dated on or after July 1, 1932, and bonds, etc., given with mortgages dated on or after July 1, 1932.

The decision of the referee expunging the claim in the case is reversed, and the proceedings remanded to the referee with direction to take proof of the value of the mortgaged premises to the end that the amount of the claim over the value of the security may be determined.