## In re RIVERVIEW PRODUCTS, Inc.
### No. 29068.

District Court, W. D. New York.
Jan. 13, 1940.

Michael J. Noonan, of Niagara Falls, N. Y., for Trustee.

Franchot, Runals, Cohen, Taylor. & Rickert, of Niagara Falls, N. Y., for claimant.

THOMPSON, Referee.

The Power City Trust Company filed two proofs of claim: One for $18,000.00, with interest; another for $12,065.14, which claims represent deficiencies remaining upon two mortgages which were in the course of foreclosure at the date of adjudication in bankruptcy. The Referee's Report of Sale in the foreclosure action was dated April 25, 1939, and showed a total deficiency on both mortgages of $30,-941.71. On September 13, 1939, a deficiency judgment was entered in the foreclosure action against the bankrupt corporation in the amount of $12,065.14, representing the deficiency on the mortgage dated June 20, 1933.

The trustee filed objections to the allowance of both claims, on the ground that Chapter 510 of the Laws of 1938 of the State of New York, incorporated in Section 1083 of the Civil Practice Act, applies to these claims, and that since the claimant did not apply in the foreclosure proceeding, upon notice to the trustee, for deficiency judgments within ninety days after the report of the referee, that the provision of Section 1083 stating "no right to recover any deficiency in any action or proceeding shall exist" is a bar to the claims.

In short, the Trustee contends that the claims are barred by claimant's failure to follow the requirements of Section 1083, whereas the bank contends that, while the well-reasoned opinion reported in Tompkins County Trust Company v. Herrick, 171 Misc. 929, 13 N.Y.S.2d 825, may require a finding that its deficiency judgment actually entered must be disregarded, this court is bound upon the authority of Matter of Rochester Pad & Wrapper Company, D.C., 20 F.Supp. 295, 34 A.B.R.,N.S., 396 to follow the procedure laid down in Section 1083 and fix the fair and reasonable market value of the real property sold by foreclosure "by affidavit or otherwise" and allow its claims for the difference between the value so determined and the total amount of claimant's debts, regardless of the expiration of the ninety day period fixed by Section 1083.

In the Rochester Pad & Wrapper Co. case, supra, where the claimant:

(1) Filed a secured claim in bankruptcy court; and

(2) Obtained the permission of said bankruptcy court to bring an action to foreclose its mortgage; and

(3) Joined the trustee as a party defendant therein; and

(4) Did not insert in its complaint or judgment of foreclosure and sale a provi-

sion for a deficiency judgment in said action; and

(5) After the foreclosure sale offered in the bankruptcy court to submit proof as to the fair and reasonable market value of the foreclosed securities and to allow its claim to be fixed for the difference,

Judge Knight held that it was the duty of the bankruptcy court so to proceed and that the failure of claimant to apply in the State Court foreclosure action for a deficiency judgment within ninety days after the consummation of the sale was immaterial.

In the instant case there are several variations in fact from the Rochester Pad & Wrapper case, supra:

1. Although claimant appeared at the first meeting of creditors, no formal secured claim was ever filed;

2. Claimant did not apply to the bankruptcy court for permission to continue its foreclosure proceeding;

3. The trustee was not made a party thereto;

4. Plaintiff's complaint prayed for a deficiency judgment;

5. The judgment of foreclosure and sale provided that the plaintiff should be entitled to a deficiency judgment if the proceeds of the sale were insufficient.

6. A judgment for the deficiency found upon one of the mortgages was entered in the foreclosure action.

7. Proofs of claim based on mortgage deficiencies were filed in bankruptcy court, unaccompanied by any offer to submit proof as to the fair and reasonable market value of the foreclosed premises.

The Trustee's objections are sustained and the claims are disallowed for the following reasons:

1. The validity of claims filed in bankruptcy court is to be determined by the law of the State. Remington on Bankruptcy, Sections 954 and 984.

2. Claimant's deficiency judgment entered September 13, 1939, is void and of no effect, since no notice of the application therefor was given to the trustee. Matter of Soltmann, D.C., 238 F. 241, 38 A.B.R. 270; Section 1083 Civil Practice Act; Tompkins County Trust Company v. Herrick, su_ :a.

3. Section 1083 provides that an application for deficiency judgment must be made within ninety days after the delivery of the deed on foreclosure. In the instant case no application of any character was made until almost five months after the consummation of the sale.

4. Section 1083 further provides that "if no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist."

5. The above quoted provision of Section 1083 is constitutional. It appears that that provision of Section 1083, extinguishing claimant's debt upon failure to apply for a deficiency judgment within ninety days, has not been considered in any reported cases upon the basis of its constitutionality. The Court of Appeals of the State of New York has expressly left this question open. Honeyman v. Hanan, 275 N.Y. 382, 393, 9 N.E.2d 970; Matter of City of New York (Neptune Avenue) 271 N.Y. 331, 335, 3 N.E.2d 445. In the Tompkins County Trust Co. v. Herrick case, supra, doubt as to constitutionality was expressed at page 936 of 171 Misc., 13 N.Y.S.2d 825. However, it is a well recognized principle of statutory construction that there exists a strong presumption of constitutionality. On the merits as well, it seems that this provision is constitutional. The Supreme Court of the United States has, in numerous decisions, declared that a State may alter the remedy or change the procedure affecting the enforcement of contract rights, provided that a reasonable remedy and reasonable procedure are made available to the creditor. That court has expressly approved that part of Section 1083-a which requires that a deficiency judgment may only be granted for the difference between the fair and reasonable market value of the foreclosed premises and the debt. Honeyman v. Jacobs, 306 U.S. 539, 59 S.Ct. 702, 83 L.Ed. 972. Section 1083 further makes available to the creditor an opportunity to establish this difference, if the creditor feels that the debt has not been satisfied upon the sale of the security, by applying to the foreclosure court, within a ninety day period, for a deficiency judgment, upon proof as to value of the security. If, for some reason, the creditor chooses not to so apply, that is no concern of the Legislature or of this Court. It

has had an opportunity for a day in Court, which is all that is constitutionally required. The provision, that, if this opportunity is not embraced within ninety days of the consummation of the sale, an action to recover shall be barred, is in effect a short statute of limitations. Jamaica Savings Bank v. Risian Realty Corp., 165 Misc. 372, 374, 300 N.Y.S. 553. Limited periods for the commencement of actions and proceedings are commonly prescribed by the Legislature and held constitutional. This court determines that a ninety day period is reasonable and that the Legislature's fixation thereof should not be held to be arbitrary and unconstitutional. The Legislature has made available to the creditor a reasonable procedure to make himself whole. That is sufficient. If the creditor had availed himself of this remedy in the foreclosure action, upon notice to the trustee, it would have become res adjudicata in Bankruptcy Court. In re Falsone, D.C., 247 F. 607, 40 Am.B.R. 409.

6. The decision in Matter of Rochester Pad & Wrapper Co., supra, does not seem to apply in the instant case, but if it does so apply the referee respectfully dissents from the decision therein.

In the Rochester Pad case the claimant filed a secured claim in bankruptcy, then asked permission of the Bankruptcy Court to foreclose its mortgage, which was granted. The trustee was made a party thereto. No application was made in the State Court proceeding, at any stage, for a deficiency judgment. After the security had been liquidated the secured claimant came into Bankruptcy Court and offered to submit proof as to fair and reasonable value of the security, only asking that an unsecured claim be allowed for the difference between such value and its debt. At all times the liquidation of the security was under the control of the Bankruptcy Court and subject to its orders.

In the instant case the contrary is true. The claimant never filed a secured claim; continued its foreclosure action, without making the trustee a party; prayed in its complaint for a deficiency judgment, and so provided in its judgment of foreclosure and sale and even made an abortive attempt to secure a deficiency judgment; and thereafter filed unsecured proofs of claim based upon deficiencies established in the foreclosure action, without offer of proof in the Bankruptcy Court as to fair and reasonable value of the foreclosure security. It is thus apparent that the claimant has proceeded entirely in accordance with its conception of the State Law and has filed its claims solely upon the basis of its rights under State Law. As pointed out above, at the time its proofs of claim were filed its debt had been extinguished or at least barred by Section 1083.

The Court stated, in Matter of Rochester Pad & Wrapper Co., supra [20 F.Supp. 297, 34 A.B.R.,N.S., 396]: "Section 1083-a, supra [a similar statute], should be construed as not intended to limit the right of a claimant to show in the bankruptcy court the value of his claim over and above the value of his security." The Court also stated, in the opinion, that the moratorium statute was enacted for the benefit of a responsible debtor unable to meet his debts as they became due and that it did not apply to a bankruptcy proceeding where there was no responsible debtor. It has now become apparent, however, that the provision in relation to deficiency judgments has been made a permanent part of the law of the State of New York and that its provisions apply to all mortgages, regardless of an emergency. That part of the original moratorium statute which granted a stay of foreclosure proceedings where principal payments were not made according to the tenor of the instrument was designed to relieve responsible debtors during an emergency. The procedure in relation to deficiency judgments, however, has no relation to this subject, but is designed to make certain that the creditor only receives sufficient to make himself whole and not more. Therefore the statute provides that, if the security sold is sufficient, there shall be no right to a deficiency judgment.

It seems that if the claimant could not proceed in state court against a solvent debtor, he should not be permitted to file a claim in Bankruptcy Court for the same debt. If his claim is satisfied and extinguished, then it becomes unavailable in Bankruptcy Court. Also, the trustee in bankruptcy has a right and a duty to raise against a claim a bar which is analogous to the statute of limitations. Remington on Bankruptcy, Sections 958 and 959. The trustee in bankruptcy is entitled to all objections the bankrupt might have urged but is not limited to such. Remington on Bankruptcy, Section 956.

An order is entered herewith disallowing both claims filed by the Power City Trust Company.