In the MATTER OF LAWYERS MORTGAGE COMPANY (1690 Long-fellow Ave., New York City).

WILLIAM T. JACKSON et al., as Trustees, et al., Appellants; FELIX A. MULDOON et al., as Trustees, et al., Respondents.

First Department, June 11, 1943.

*S. Walter Pokart* of counsel (*Pokart & Pokart,* attorneys), for appellants.

*Frank W. Chambers* of counsel (*Chambers, Clare & Morris,* attorneys for Felix A. Muldoon, Karl Propper and John K. Wallace, as Trustees for certificate holders), for respondents.

*Meyer Levy* of counsel (*Levy, Murphy & Stolz,* attorneys for Natalie Equities, Inc., owner), for respondent.

UNTERMYER, J. The respondent trustees are the holders of a bond and mortgage on which the principal sum of $242,500 became due on June 22, 1942. The mortgage is secured by property, 175 by 100 feet, improved with a six-story elevator apartment house in the borough of The Bronx. The appellants, dissenting certificate holders, are the owners of approximately fifteen per cent of the outstanding certificates in the mortgage.

The mortgage was received by the trustees from the Mortgage Commission of the State of New York on June 22, 1937. Pursuant to an order of the Supreme Court it was extended to June 22, 1942, with interest at the rate of four and one-half per cent with quarterly amortization payments of $625. At the expiration of that extension, negotiations were undertaken for a further extension and modification of the mortgage, resulting in a proposal to extend the mortgage for a further period of five years from June 22, 1942, to June 22, 1947, with interest at the rate of four per cent per annum, with quarterly amortization payments of $1,212.50. The owner would further agree to make certain repairs to the building and to secure war damage insurance thereon. No other payment on account of the mortgage would be required.

In support of the application to the court for approval of the extension on these terms, there were submitted the affidavit of the trustees, affidavits of their general manager and affidavits of the owner of the premises. There were submitted in opposition affidavits of one of the attorneys for the appellants, who acts as the servicing agent for certain of the dissenting certificate holders and who, in that capacity, is familiar with the operation of the property. There is no allegation or suggestion of bad faith on the part of the trustees or the dissenting certificate holders, but it is contended that the statements of the owner with respect to the operation of the property are not accurate and that the income is greater and the expenses of operation less than has been disclosed. The discrepancy between the figures submitted by the owner, accepted as substantially correct by the general manager for the trustees, and the figures

of the dissenting certificate holders would result in an increase in net earnings of at least $3,000 per year, which would enable the owner to make heavier amortization payments or pay a higher interest rate. If, therefore, the earnings and expenses as computed by the dissenting certificate holders are found to be correct the Special Term might conclude that the interest of the certificate holders would be better served by enforcement of their rights under section 1077-g of the Civil Practice Act than by the extension of the mortgage on the terms proposed.

Under these circumstances, we think the court in the exercise of discretion should have granted the request of the dissenting certificate holders for a hearing on the objections in which the controverted issues of fact might be fully developed by testimony adduced in open court. (Compare *New York Life Ins. Co.* v. *Guttag Corp.*, 265 N. Y. 292.) Such a hearing should not be unduly burdensome and, where disputed issues of fact exist, is necessary to protect the interest of certificate holders who in good faith object to an extension of their mortgage. In the present case, an examination of the owner of the premises together with such countervailing evidence as the dissenting certificate holders may be able to produce will probably be sufficient to inform the court concerning the results of the operation of the property. When those facts shall have been revealed by testimony given from the witness stand, the Special Term will be in a more favorable position to determine the merits of the application.

The order appealed from should be reversed, and the matter remitted to the Special Term to proceed in accordance with this opinion.

MARTIN, P. J., COHN and CALLAHAN, JJ., concur; TOWNLEY, J., taking no part.

Order unanimously reversed, and the matter remitted to the Special Term to proceed in accordance with opinion. Settle order on notice.